# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-1063

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Joseph Charles Pelchat, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted:   June 12, 2002

Filed:   June 25, 2002

———————

Before HANSEN, Chief Judge, FAGG and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

———————

PER CURIAM.

After negotiating but failing to reach a plea agreement with the government,
Joseph Charles Pelchat pleaded guilty to conspiracy to distribute in excess of 100
kilograms of marijuana without the benefit of any agreement. The district court[*]
sentenced Pelchat to 262 months in prison. Pelchat appeals his sentence, claiming the
district court should have departed downward because he offered substantial

———————

[*]The Honorable James M. Rosenbaum, United States District Judge for the
District of Minnesota.

assistance to the Government, his assistance placed him at increased personal risk, and his sentence is greater than the sentences of his codefendants. In addition, Pelchat claims the Government cannot use his 1990 conviction to enhance his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000). Pelchat also filed a supplemental brief, rearguing issues raised in his initial brief, challenging the § 851 information, and attacking his current sentence under Apprendi. Having carefully considered the record and the applicable law, we reject each of Pelchat's claims, and affirm his sentence. United States v. Rohwedder, 243 F.3d 423, 425 (8th Cir. 2001) (reviewing district court's interpretation of the sentencing guidelines de novo and factual findings for clear error).

We reject Pelchat's claim the district court impermissibly refused to depart downward based on his assistance to the Government. Pelchat's claim under U.S. Sentencing Guidelines Manual § 5K1.1 (2001) fails because the Government made no motion for a substantial assistance departure and Pelchat fails to show the Government refused to move for departure for an unconstitutional or irrational reason, or in bad faith. United States v. Wolf, 270 F.3d 1188, 1190 (8th Cir. 2001). Although Pelchat provided information to the Government, he did so without any promise of a departure motion, despite repeated warnings not to provide information with the expectation of receiving a substantial assistance departure, and his information proved worthless. Pelchat's claim he was entitled to departure under § 5K2.0 for increased personal risk stemming from his assistance to the Government also fails. Because the district court recognized its authority to depart, but concluded the facts did not warrant a § 5K2.0 departure, we cannot review the district court's decision not to depart on appeal. Wolf, 270 F.3d at 1192.

Pelchat's claim the district court impermissibly refused to depart downward because he received a greater sentence than his codefendants likewise fails. Sentencing disparities arising from the plea bargaining process or the exercise of prosecutorial discretion are hardly ever a proper basis for departure. United States

v. Buckendahl, 251 F.3d 753, 758-59 (8th Cir.), cert. denied, 122 S. Ct. 633 (2001). Here, the sentencing disparities reasonably resulted from differences in criminal histories among defendants and differences in useful cooperation with the Government. In addition, Pelchat admitted at sentencing that he could not show the Government selectively sought greater penalties for Pelchat than his codefendants for a discriminatory reason. United States v. Armstrong, 517 U.S. 456, 465 (1996).

Pelchat cannot challenge his 1990 conviction (one of two convictions relied on in the Government's § 851 information seeking enhanced penalties) because Pelchat has exceeded the five-year limitations period to challenge convictions under § 851(e). United States v. Carter, 270 F.3d 731, 736 (8th Cir. 2001). Pelchat's contention that reliance on this earlier conviction to enhance his sentence violates Apprendi similarly fails. Apprendi specifically allows increases in a defendant's sentence based on earlier convictions. Apprendi, 530 U.S. at 490. Pelchat's attempt to use Apprendi to attack his 1990 conviction, despite framing the argument in constitutional terms, fails because Apprendi cannot be applied to cases, like the 1990 conviction, not before the court on direct review. United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001), cert. denied, 122 S. Ct. 848 (2002).

We have carefully considered the additional claims raised in Pelchat's supplemental brief and conclude the claims are without merit. We reject the claims raised in the supplemental brief without extended discussion. See 8th Cir. R. 47B.

We affirm Pelchat's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.