# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1344

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Timothy Dean Wolf, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 12, 2001

Filed: November 9, 2001

_____

Before BOWMAN, HEANEY, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Timothy Dean Wolf pleaded guilty to conspiring to distribute 500 grams or more of methamphetamine. See 21 U.S.C. § 841 (a)(1), (b)(1)(A)(viii) (1994 & Supp. IV 1998); 21 U.S.C. § 846 (1994). The District Court[1] sentenced Wolf to a ten-year prison term. Wolf appeals his sentence on two closely related bases. He first argues that the District Court erred when it denied his pre-sentencing motion to compel the government to file a motion (pursuant to United States Sentencing Guideline

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

(U.S.S.G.) § 5K1.1 or 18 U.S.C. § 3553(e)) for a substantial-assistance downward departure to reduce Wolf's sentence below both the Guidelines range and the statutory minimum. Wolf's second argument is that the District Court's decision not to grant a downward departure pursuant to U.S.S.G. § 5K2.0 was in error because mitigating circumstances not adequately taken into consideration by the Sentencing Commission warranted such a departure.

We conclude that Wolf has failed to make a substantial threshold showing that the government's refusal to move for a substantial-assistance downward departure was unconstitutional or motivated by bad faith. Moreover, because the District Court recognized its authority to depart downward pursuant to § 5K2.0, its decision not to depart is not subject to review on appeal. We therefore affirm.

Both U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) permit the government to make a substantial assistance-based motion for a downward departure. See Wade v. United States, 504 U.S. 181, 184-86 (1992) (discussing the nature of the discretion granted to the government and the limitation placed upon the district courts by 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1). These provisions merely grant the prosecutor discretion; the government has no duty to make such a motion unless it has entered into a plea agreement with the defendant that creates such a duty.[2] See id. at 185 (observing that "in both § 3553(e) and § 5K1.1 the condition limiting the court's authority gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted").

Absent a motion by the government, a district court generally lacks the authority to grant a downward departure based on a defendant's substantial assistance.

_____

[2]As Wolf notes in his opening brief, the government refused to enter into a plea agreement of any kind. Cf., e.g., United States v. Johnson, 241 F.3d 1049 (8th Cir. 2001) (considering whether government's refusal to move for a substantial-assistance downward departure breached plea agreement).

United States v. Matlock, 109 F.3d 1313, 1317 (8th Cir.), cert. denied, 522 U.S. 872 (1997). A district court may review, however, a prosecutor's refusal to make a substantial-assistance downward departure motion and may grant a defendant relief if the refusal was unconstitutional, Wade, 504 U.S. at 185-86, or motivated by bad faith. United States v. Rounsavall, 128 F.3d 665, 667-68 (8th Cir. 1997). A defendant is entitled to an evidentiary hearing on his allegation of an unconstitutional or bad faith refusal, but only if he first makes a substantial threshold showing. Wade, 504 U.S. at 186 ("[A] defendant has no right to discovery or an evidentiary hearing unless he makes a substantial threshold showing." (internal quotation marks omitted)); Rounsavall, 128 F.3d at 667-68.

A refusal to file a substantial-assistance downward departure motion is unconstitutional if it was based upon or motivated by some form of invidious discrimination. See Wade, 504 U.S. at 186 ("[A] defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion."). Like the defendant in Wade, Wolf "has never alleged, much less claimed to have evidence tending to show, that the Government refused to file a motion for suspect reasons such as his race or his religion." Id. The record before us would not support such an allegation.

A refusal may also be unconstitutional if it is irrational, for an irrational refusal denies the defendant due process of law. See id. (explaining that the defendant "would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end"); Chapman v. United States, 500 U.S. 453, 464-65 (1991) (noting that a sentencing provision that is arbitrary and thus irrational offends due process). Wolf admits that he lied to law-enforcement officers when he denied his and his co-defendant's post-arrest purchase of approximately two ounces of methamphetamine. He also admits that he lied when he denied his continued drug use. At Wolf's sentencing hearing, the government represented to the District Court that Wade's untruthfulness and continuing illegal conduct ruined his potential

assistance against at least four targets of the government's drug-conspiracy investigation and set the investigation back several months. The government's refusal to move for a substantial-assistance downward departure was therefore rationally related to a legitimate governmental purpose—encouraging criminal defendants to be fully cooperative and forthright with the government. See United States v. Licona-Lopez, 163 F.3d 1040, 1042 (8th Cir. 1998) ("Refusing to file a motion for a defendant who has not been completely truthful with authorities advances the legitimate governmental interest in providing an incentive for defendants to cooperate fully.").

Having determined that the government's refusal did not violate constitutional standards, we turn to the issue of bad faith. As noted above, a district court may compel the government to move for a substantial-assistance downward departure if its refusal was motivated by bad faith. Rounsavall, 128 F.3d at 669 ("[I]f the government's refusal to file a § 3553(e) motion is irrational and/or in bad faith, particularly in light of representations made to a defendant, a district court may require the government to make a downward departure motion."). The essence of Wolf's allegation of bad faith is that the more lenient treatment some of his co-conspirators received demonstrates that the government's refusal was an attempt to dictate the length of his sentence and punish him for his lies and recalcitrance. Some of Wolf's co-conspirators were sentenced to significantly shorter prison terms than he was. As Wolf further points out, one of his principal co-conspirators was not prosecuted federally for criminal conduct that, he alleges, was essentially identical to his own.

Wolf nevertheless failed to make a substantial threshold showing to support his allegation of bad faith. To merit an evidentiary hearing, a defendant must do more than present "generalized allegations of improper motive." Wade, 504 U.S. at 186. Wolf's allegation that the government refused to move for a downward departure in

order to punish him is unsupported.[3]  Neither at his sentencing hearing nor on this appeal did he produce evidence of actual punitive intent; rather, he infers such intent from the mere fact of the refusal.  The government, by contrast, has consistently represented that it refused to move on Wolf's behalf because of the destructive effect his recalcitrance had upon its investigation and other prosecutions.  Where, as here, uncontradicted evidence plainly demonstrates that the defendant lied and continued the criminal conduct for which he was charged, a defendant's *post hoc* comparison of his sentence with the less severe punishment his co-conspirators received does not constitute a substantial threshold showing that the government's refusal was in bad faith.  Wolf's challenge to the government's refusal to move for a substantial-assistance downward departure therefore fails.

Wolf's challenge to the District Court's exercise of its discretion not to grant him a downward departure pursuant to U.S.S.G. § 5K2.0 for mitigating circumstances falling outside the "heartland" cases encompassed by the Guidelines likewise fails.[4]

---

[3]Moreover, we do not think that the word "punishment" can accurately describe Wolf's failure to receive a substantial-assistance downward departure.  A substantial-assistance downward departure is more appropriately characterized as a reward or quid pro quo for providing valuable cooperation.  Withholding a reward because the intended recipient fails to fulfill the necessary conditions is not the same as punishing.  Cf. United States v. Romsey, 975 F.2d 556, 558 n.2 (8th Cir. 1992) ("[T]he prosecutor's election not to exercise the discretion to file a § 5K1.1 motion 'does nothing except expose the defendant to the punishment the Sentencing Commission thought appropriate for his offense and criminal history.'" (quoting United States v. Smith, 953 F.2d 1060, 1065 (7th Cir. 1992))).

[4]As part of the factual predicate to support his argument for a § 5K2.0 downward departure, Wolf repeatedly refers to the government's refusal to move on his behalf for a substantial-assistance downward departure.  To dispel potential confusion, we point out that substantial assistance must be considered under § 5K1.1 and cannot serve as a ground for departure under § 5K2.0.  United States v. Fountain, 223 F.3d 927, 928 (8th Cir. 2000), cert. denied, 121 S. Ct. 2195 (2001).

See U.S. Sentencing Guidelines Manual § 5K2.0 (2000) (providing that a circumstance not ordinarily relevant in considering a departure may be relevant if it "is present to an unusual degree and distinguishes the case from the 'heartland' cases covered by the guidelines"). "[A] discretionary decision not to depart from the Guidelines is unreviewable on appeal absent an unconstitutional motive" so long as the district court recognized its authority to depart. United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997) (emphasis added). Here, the District Court recognized its authority to grant a § 5K2.0 downward departure. The court elected to deny Wolf the benefit of its § 5K2.0 discretion. There is not even a scintilla of evidence that the court's ruling was actuated by an unconstitutional motive. The court's denial of § 5K2.0 relief is therefore unreviewable.

Wolf's sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.