# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1683

_____

United States of America,

        Appellee,

    v.

Gregory Mark Nairn,

        Appellant.

\*    Appeal from the United States
\*    District Court for the Northern
\*    District of Iowa.
\*
\*       **[UNPUBLISHED]**
\*

_____

Submitted: September 19, 2003
Filed: September 26, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Gregory Mark Nairn (Nairn) appeals the sentence the district court[1] imposed after he pled guilty to conspiring to manufacture and distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841 & 846 (2000) (Count 1); possessing firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and being a drug user in possession of firearms, in violation of 18 U.S.C. § 922(g)(3) (Count 3). The court sentenced him to concurrent prison terms of 120 months (the statutory minimum) on Count 1 and 24 months on

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

Count 3, and a mandatory consecutive 60-month term on Count 2, plus 5 years supervised release.

On appeal, for the first time, Nairn argues the district court erred in not applying a mitigating-role reduction, given his lesser role in the conspiracy offense and the government's failure to offer a departure motion despite his cooperation. After careful review of the record, we conclude the district court did not plainly err in sentencing Nairn: the court was without authority to sentence him below the statutory minimum absent a motion by the government, the government was under no obligation to file a substantial-assistance departure motion, and Nairn made no showing the government's decision not to file a departure motion was motivated by anything other than its belief he had not been truthful. See 18 U.S.C. § 3553(e); United States v. Wolf, 270 F.3d 1188, 1189-92 (8th Cir. 2001); United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (standard of review).

Accordingly, we affirm.

_____