# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3011

_____

United States of America,        *
                                 *

      Plaintiff - Appellant,    *

                                 *   Appeal from the United States

v.                            *   District Court for the

                                 *   Northern District of Iowa.

Gary Lynn Moeller,        *

                                 *

      Defendant - Appellee.    *

_____

Submitted: May 12, 2004
Filed: September 3, 2004

_____

Before LOKEN, Chief Judge, BRIGHT, Circuit Judge, and DORR,[*] District Judge.

_____

LOKEN, Chief Judge.

Gary Lynn Moeller pleaded guilty to conspiring to manufacture and distribute five grams or more of actual methamphetamine. The statutory minimum sentence for this offense is five years in prison. See 21 U.S.C. § 841 (b)(1)(B)(viii). Moeller's guidelines sentencing range is seventy-eight to ninety-seven months in prison. The government filed a motion under U.S.S.G. § 5K1.1 and recommended a twenty percent downward departure based up Moeller's substantial assistance in the investigation and prosecution of other offenders. The government did not make a

_____

[*]The HONORABLE RICHARD E. DORR, United States District Judge for the Western District of Missouri, sitting by designation.

motion under 18 U.S.C. § 3553(e), which is required before the court may depart below a statutory minimum sentence to reflect a defendant's substantial assistance. See Melendez v. United States, 518 U.S. 120, 126 (1996).

At sentencing, the district court observed that the government "can't not make the motion just to limit my discretion" and asked defense counsel, "are you going to make a motion to compel the government to make the 3553(e) motion." After Moeller did so, the court granted his motion, concluding that the government acted in bad faith in refusing to make the § 3553(e) motion "because I can't think of a single reason other than to limit my discretion." The court then sentenced Moeller to fifty months in prison, ten months below the statutory minimum. The government appeals. We reverse.

In Wade v. United States, the Supreme Court defined the respective roles of the prosecutor and the sentencing court in granting downward departures based on a defendant's substantial assistance:

> [I]n both § 3553(e) and § 5K1.1 the condition limiting the court's authority [to grant a downward departure] gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted.
>
> Wade nonetheless argues, and . . . we agree, that a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce. Because we see no reason why courts should treat a prosecutor's refusal to file a substantial-assistance motion differently from a prosecutor's other decisions, we hold that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive.

504 U.S. 181, 185-86 (1992) (citation omitted). The Court explained that an unconstitutional motive is one based on "suspect reasons such as [defendant's] race or his religion," or one "not rationally related to any legitimate Government end." 504 U.S. at 186.

Moeller argues, and the district court agreed, that the government may be ordered to file a § 3553(e) motion if its refusal to file was in "bad faith." Although there is language supporting that contention in United States v. Rounsavall, 128 F.3d 665, 667-69 (8th Cir. 1997), where we remanded for an evidentiary hearing, bad faith is not a constitutional standard. Rather, a substantive due process violation requires proof that a government official's abuse of power "shocks the conscience," County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998), and an equal protection violation requires proof of "unlawful, purposeful discrimination." Batra v. Bd. of Regents, 79 F.3d 717, 722 (8th Cir. 1996). In this case, at sentencing, the prosecutor explicitly stated that the government's decision not to file a § 3553(e) motion was "[b]ased upon the cooperation [Moeller] provided . . . We based it solely on what he did in this case." Nothing in the record contradicts this explanation or even suggests the presence of an unconstitutional motive. Therefore, the district court had no basis to grant the remedy for an unconstitutional motive reserved in Wade.

In addition to the issue of unconstitutional motive, our prior cases have recognized that Congress limited the prosecutor's nearly unconstrained statutory authority under § 3553(e) to the question of the defendant's substantial assistance to law enforcement. In other words, § 3553(e) "was not intended to grant prosecutors a general power to control the length of sentences." United States v. Stockdall, 45 F.3d 1257, 1261 (8th Cir. 1995). Therefore, in United States v. Anzalone, when the government conceded that the defendant rendered sufficiently substantial assistance but refused to file a substantial assistance motion because of unrelated misconduct, we held that § 3553(e) required the government to file the motion, noting that the prosecutor could then argue to the court that the unrelated misconduct "should

preclude or severely restrict any downward departure relief." 148 F.3d 940, 942, vacated, 148 F.3d 940, reinstated, 161 F.3d 1125 (8th Cir. 1998). Our subsequent cases have made it clear, however, that relief in Anzalone was predicated on government concessions that established a statutory duty to file the substantial assistance motion. See United States v. Wilkerson, 179 F.3d 1083, 1086 (8th Cir. 1999); accord United States v. Buckendahl, 251 F.3d 753, 762 (8th Cir.), cert. denied, 534 U.S. 1049 (2001).

In this case, the district court compelled the government to file a § 3553(e) motion "because I can't think of a single reason [not to file it] other than to limit my discretion." But it is not the sentencing court's function to look behind the prosecutor's substantial assistance decision-making in this fashion. The prosecutor's evaluation of the quantity and quality of a defendant's assistance, like a prosecutor's decision to prosecute, "is particularly ill-suited to judicial review." Wayte v. United States, 470 U.S. 598, 607 (1985). Moreover, as the Supreme Court noted in Wade, "[t]he Government's decision not to move may have been based not on a failure to acknowledge or appreciate [the defendant's] help, but simply on its rational assessment of the cost and benefit that would flow from moving." 504 U.S. at 187. The government's refusal to file a § 3553(e) or § 5K1.1 motion always has the *effect* of limiting the sentencing court's discretion. But so long as the government is exercising the statutory power conferred by those laws and its action is not based on an unconstitutional motive, its refusal to file the motion is unreviewable.

Moeller argues in the alternative that we should remand for an evidentiary hearing to allow him "an opportunity to make a substantial threshold showing" that the government's refusal to file a § 3553(e) motion was prompted by an improper motive. We decline to do so. Neither a claim that the defendant provided substantial assistance nor "generalized allegations of improper motive" entitle a defendant to relief. Wade, 504 U.S. at 186. When the government ties its refusal to make a § 3553(e) motion to the defendant's substantial assistance, or lack thereof, and the

-4-

defendant fails to make a substantial threshold showing of improper motive, an evidentiary hearing is not warranted. <u>See</u> <u>United States v. Wolf</u>, 270 F.3d 1188, 1191 (8th Cir. 2001).

The judgment of the district court is reversed and the case is remanded for resentencing with instructions to impose a sentence not less than the statutory minimum sentence of sixty months in prison. <u>See</u> 18 U.S.C. § 3742(f)(1). The government's motion to expand the record on appeal is denied.

_____