# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3196

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | Minnesota. |
| Eddie David Holbdy, also known as | * | |
| Cal, also known as Calvin, also known | * | |
| as Telles Terrel Powell, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 4, 2007
Filed: June 21, 2007

_____

Before LOKEN, Chief Judge, BEAM and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Eddie David Holbdy claims the district court[1] erred in denying his request for an evidentiary hearing on the government's refusal to move for a downward departure pursuant to U.S. Sentencing Guidelines (Guidelines) § 5K1.1 or 18 U.S.C. § 3553(e). Holbdy also challenges the constitutionality of Federal Rule of Criminal Procedure 35(b) and 18 U.S.C. § 3553(e) on separation of powers grounds. This panel affirms.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Holbdy pleaded guilty to two counts of a five-count indictment: one count of conspiracy to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I), and one count of possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count V). His plea agreement acknowledged a mandatory minimum sentence of 120 months on Count I and sixty months on Count V, to be served consecutively. The agreement provided the government would move for a downward departure only if he offered "substantial assistance" and noted "the defendant understands that the government is not obligated to accept any tendered cooperation on the defendant's part. If the government, in its sole discretion, chooses not to accept tendered cooperation, the defendant will not be rewarded for such tendered cooperation."

In Holbdy's proffer, he provided a photographic identification of a childhood friend—a suspected drug trafficker—and further gave information about his co-defendant, Billy Joe Coleman. He promised he would testify against Coleman, should Coleman successfully withdraw his guilty plea and go to trial. At his initial sentencing hearing, the government explained it did not believe he provided substantial assistance as the information provided did not lead to an arrest. Apparently, his childhood friend was arrested based on an independent police investigation. At Holbdy's request, the district court granted a continuance for the government to investigate his claims of additional assistance he provided in a second proffer. At his second sentencing hearing, the government reported it had investigated his claim of assistance at a second proffer, but renewed its contention he had not provided substantial assistance and did not move for a downward departure. He requested a hearing on whether the government's decision was based on an improper motive. He argued the government had minimized and inaccurately described his assistance in a position statement and contended the government was trying to punish him for allegedly alerting his associates to the government's investigation prior to his arrest. He further claimed it was irrational for the government to refuse to credit the identification of his childhood friend simply because that person was arrested based

on an independent investigation. The government responded it had declined to move for a downward departure because his assistance was only minimally useful. It explained he had been a problematic witness as he provided a false name to police upon his arrest and then disappeared for two months. After his arrest it took an additional month and a half for him to proffer. The government did note it would be open to filing a substantial assistance motion in the future should he testify in the trial of his friend or in the potential trial of his co-defendant. The district court ultimately found he failed to meet the threshold burden for an evidentiary hearing.

As to Holbdy's sentence, the district court determined the Guidelines range for Count I was 151 to 188 months based on an adjusted offense level of 29 and a criminal history category of VI. The court then applied the 60-month mandatory minimum consecutive sentence for Count V. Over the government's objection, the district court granted his motion for a downward variance from the Guidelines range and sentenced him to 195 months for both counts, representing a 16-month downward variance. This appeal followed.

Holbdy first challenges the district court's refusal to hold an evidentiary hearing on the government's failure to move for a substantial assistance downward departure. He claims the government was acting irrationally in failing to so move, arguing the government minimized and inaccurately represented his cooperation. Specifically he claims it was irrational for the government not to credit the information he provided about his childhood friend because his arrest was based on an independent police investigation. He further contends the government erroneously concluded his cooperation against Coleman was not beneficial, as he had already pled guilty. Finally, he argues the government is punishing him based on its "erroneous conclusion" he did not cooperate initially.

Under 18 U.S.C. § 3553(e), "[u]pon motion of the Government," a district court can impose a sentence below a statutory mandatory minimum to reflect a defendant's

"substantial assistance in the investigation or prosecution of another person who has committed an offense." Without a government motion, the district court is without authority to impose a sentence below a statutory mandatory minimum sentence. See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003). Similarly, under Guidelines § 5K1.1, a district court may depart from the Guidelines range if the government files a "substantial assistance" motion. "These provisions merely grant the prosecutor discretion; the government has no duty to make such a motion unless it has entered into a plea agreement with the defendant that creates such a duty." United States v. Wolf, 270 F.3d 1188, 1190 (8th Cir. 2001). The government's use of its discretion is not unreviewable, however. The Supreme Court has dictated "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." Wade v. United States, 504 U.S. 181, 185 (1992). Under Wade, a district court may review the government's refusal to move for substantial assistance if it is based on an unconstitutional motive, "such as [the defendant's] race or his religion" or "was not rationally related to any legitimate Government end." Id. at 186. "A refusal may also be unconstitutional if it is irrational, for an irrational refusal denies the defendant due process of law."[2] Wolf, 270 F.3d at 1190 (citing Wade, 504 U.S. at 186).

Under Wade, Holbdy is entitled to an evidentiary hearing only if he makes "a 'substantial threshold showing' that the government's refusal to make a substantial assistance motion was premised on an improper motive." United States v. Mullins, 399 F.3d 888, 890 (8th Cir. 2005) (quoting Wade, 504 U.S. at 186). Certain claims

[2]There is an intra-circuit split over whether evidence of bad faith can also provide the basis for compelling the government to file a § 3553(e) motion absent an otherwise unconstitutional motive. Compare United States v. Moeller, 383 F.3d 710, 712 (8th Cir. 2004), with Wolf, 270 F.3d at 1191 and United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir. 1994). We need not resolve this issue in the instant appeal, however, as Holbdy does not argue the government acted in bad faith in refusing to file a substantial assistance motion. Instead, he couches his arguments in terms of irrationality.

are insufficient to meet this threshold. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Wade, 504 U.S. at 186. Here, because Holbdy offers "no evidence which goes beyond his general allegations of improper motive to establish the threshold showing required by Wade and its progeny," the district court did not err in declining to hold an evidentiary hearing. United States v. Pamperin, 456 F.3d 822, 825 (8th Cir. 2006).

The thrust of Holbdy's claim is he, by his assessment, provided substantial assistance to the government and intended to provide future assistance at his co-defendant's possible trial. He criticizes the government's failure to credit his identification of his childhood friend. He also claims he acted as an insurance policy in the prosecution and potential trial of his co-defendant. Under Wade, these bare assertions of substantial assistance are insufficient to trigger the need for an evidentiary hearing. See, e.g., Mullins, 399 F.3d at 890 (holding defendant's assertion she provided substantial assistance and was willing to provide continued assistance did "not support any inference the government acted unconstitutionally or irrationally in refusing to move for a downward departure based on substantial assistance"); United States v. Hardy, 325 F.3d 994, 996 (8th Cir. 2003) (finding no irrationality where the government claimed it declined to move for a substantial assistance downward departure because the individuals about which the defendant proffered were arrested or convicted based on other means). As to the extent Holbdy argues the government did not move for substantial assistance to punish him for its "erroneous" assessment of his failing to cooperate initially, we have held such unsupported claims of retaliation are insufficient to meet the threshold showing under Wade. See Wolf, 270 F.3d at 1191 (holding the defendant's unsupported assertions the government was punishing him for lying to law enforcement, without evidence of actual punitive intent, were insufficient to meet the substantial threshold standard). As such, we conclude Holbdy has failed to make the requisite substantial threshold showing of

improper motive and the district court did not err in denying his request for an evidentiary hearing.

Holbdy next argues the current sentencing structure under Federal Rule of Criminal Procedure 35(b) and 18 U.S.C. § 3553(e), which allows deviations from statutory mandatory minimum sentences only on the government's motion, is in violation of the separation of powers doctrine because it places too much power in the hands of the executive. This claim is without merit. We have previously held the government motion requirement does not violate the separation of powers doctrine. United States v. Mason, 902 F.2d 1314, 1316 (8th Cir. 1990). Holbdy argues this is no longer controlling law in view of United States v. Booker, 543 U.S. 220 (2005). We have recently held, however, Booker did not impact either the mandatory minimum sentencing scheme or the limitations set forth in § 3553(e). United States v. Williams, 474 F.3d 1130, 1132 (8th Cir. 2007) ("Because statutory minimum sentences remain constitutional, and it is constitutional for Congress to limit a court's authority to sentence below such minimums, the remedial holding of Booker does not impact the pre-existing limitations embodied in § 3553(e)."). Thus, Booker does not provide an avenue for this court to reconsider its previous holding that the government motion requirement does not violate the separation of powers doctrine.

For the reasons set forth above, we affirm the district court.

_____