# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2452

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | Minnesota. |
| Alexander Louis Perez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2008
Filed: May 22, 2008

_____

Before RILEY, JOHN R. GIBSON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Alexander Louis Perez pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court[1] sentenced him to 157 months' imprisonment. Perez appeals, arguing that the district court erred in denying his request for an evidentiary hearing on substantial assistance, and that Federal Rule of Criminal Procedure 35(b), 18

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

U.S.C. § 3553(e), and U.S.S.G. § 5K1.1 are unconstitutional. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

As part of the plea agreement, Perez agreed to cooperate with law enforcement in the investigation and prosecution of other suspects. If the government, in its "sole discretion," concluded he provided substantial assistance, it agreed to move for a downward departure under § 3553(e) and/or § 5K.1.1. The agreement stated: "No motion will be made unless the defendant is completely and fully truthful and has provided substantial assistance to the government."

Perez subsequently participated in the investigation of B.H., by engaging in several controlled buys of crack cocaine, which led to B.H.'s arrest and conviction. Perez then attempted to assist in the investigation of M.H. However, he failed to follow law enforcement's instructions. Although officers arrested M.H. for possession of drugs and guns, they did not pursue charges because they believed Perez had entrapped M.H. by giving him the drugs in exchange for transporting the guns.

When Perez violated a condition of his pretrial release, he was placed in jail. There, another inmate informed federal agents that Perez had threatened the life of the prosecutor assigned to his case. When federal agents first interviewed Perez, he denied making any threats or anything that could be a threat. To prove he was telling the truth, he agreed to take a polygraph test. During the polygrapher's preliminary interview, Perez said that he had asked another inmate what would happen if the prosecutor disappeared, which the federal agent interpreted as a threat. Because Perez admitted making a threatening statement, officers determined there was no reason to conduct the polygraph.

Based on these events, the government requested that Perez's sentence be increased for obstruction of justice, and no credit be given for acceptance of responsibility. The government also decided not to make a motion for downward

departure for substantial assistance. Perez requested a hearing on each of these issues. Although the district court conducted a hearing regarding obstruction of justice and acceptance of responsibility, it denied Perez's motion for an evidentiary hearing as to substantial assistance, finding that he had failed to make a substantial threshold showing of improper motive. The district court stated, "there is nothing in the record that I see that would create an irrational and unconstitutional or other unethical or improper or illegal reason for the government to decline to file the motion. So, I believe the threshold hasn't been met." During the hearing on obstruction of justice, Perez testified, "We were playing spades and the guy said he was going to go home because his prosecutor didn't show up. And I asked, would the same thing happen to us if our prosecutor didn't show up? It was just a joke, but I see everybody took it serious." The district court sentenced him to 157 months' imprisonment.

"Upon motion of the Government," a district court has authority to impose a sentence below a statutory minimum sentence, "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." **18 U.S.C. § 3553(e)**. "Without a government motion, the district court is without authority to impose a sentence below a statutory mandatory minimum sentence." *United States v. Holbdy*, 489 F.3d 910, 912 (8th Cir. 2007). Under § 5K1.1, a district court may depart from the guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense . . . ." **U.S.S.G. § 5K1.1**. Both § 3553(e) and § 5.K1.1 give "the Government a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185 (1992). "The government has no duty to make a substantial assistance motion unless it has entered into a plea agreement with the defendant that creates such a duty." *United States v. Mullins*, 399 F.3d 888, 889-90 (8th Cir. 2005) (internal alterations and quotation marks omitted).

"A district court may review the government's refusal to make a substantial assistance motion under section 3553(e) or section 5K1.1, if such refusal (1) was prompted by an unconstitutional motive, such as the defendant's race or religion; or (2) was not rationally related to a legitimate government interest." *Id.* at 890, *citing Wade*, 504 U.S. at 185-87. There is an intra-circuit split whether bad faith is an additional basis for compelling a motion for downward departure based on substantial assistance. *See Holbdy*, 489 F.3d at 913 n.2, *comparing United States v. Moeller*, 383 F.3d 710, 712 (8th Cir. 2004), *with United States v. Wolf*, 270 F.3d 1188, 1191 (8th Cir. 2001) *and United States v. Kelly*, 18 F.3d 612, 617-18 (8th Cir. 1994). This court reviews the denial of a motion to compel for an abuse of discretion. *United States v. McClure*, 338 F.3d 847, 850 (8th Cir. 2003).

"[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade*, 504 U.S. at 186. Instead, to obtain an evidentiary hearing, "a defendant must make a 'substantial threshold showing' that the government's refusal to make a substantial assistance motion was premised on an improper motive." *Mullins*, 399 F.3d at 890, *quoting Wade*, 504 U.S. at 186. "This threshold showing requires more than the presentation of evidence of substantial assistance and general allegations of improper motive because we presume a prosecutor has properly discharged her duties absent clear evidence to the contrary." *United States v. Pamperin*, 456 F.3d 822, 825 (8th Cir. 2006) (internal citations and quotation marks omitted).

Perez argues that the district court erred in refusing to hold an evidentiary hearing on substantial assistance because he satisfied his substantial threshold showing of improper motive. He maintains that the government's refusal to make a motion was driven by its "policy" of refusing downward departure for a defendant who provides substantial assistance but is later accused of obstruction of justice, and that this reason is unconstitutional, illegitimate, or in bad faith. Perez asserts that the

-4-

existence of this "policy" is evidenced by the fact that the government first conditioned the motion on successful completion of a polygraph test, but then revoked the offer when he tried to comply. He stresses his substantial assistance in the arrest and conviction of B.H.

The government decided not to move for a downward departure based on Perez's disruption of the investigation of M.H., his threats, and his false statements to federal agents.[2] Perez has proffered no evidence that the government's decision was prompted by an unconstitutional motive. Furthermore, the refusal was rationally related to a legitimate governmental end, providing an incentive for defendants to cooperate fully with authorities. *See Wolf*, 270 F.3d at 1191 (government's refusal to file motion for downward departure because the defendant was untruthful with authorities was rationally related to the legitimate governmental interest in providing an incentive for defendants to fully cooperate); *United States v. Licona-Lopez*, 163 F.3d 1040, 1042 (8th Cir. 1998) (same). Perez's mere assertions of assistance are also not sufficient. *See Mullins*, 399 F.3d at 890.

---

[2]At oral argument, Perez asserted that *United States v. Anzalone*, 148 F.3d 940 (8th Cir. 1998), *reinstated by* 161 F.3d 1125 (8th Cir. 1998), controls this case. There, this court held that "the government cannot base its § 5K1.1 motion decision on factors other than the substantial assistance provided by the defendant." *Anzalone*, 148 F.3d at 941 (internal alterations and quotation marks omitted). Specifically, the government conceded that the defendant could make a substantial threshold showing of substantial assistance, and that its refusal to file was based on an unrelated factor. *See id.* at 941-42. Here, Perez's disruption of the investigation of M.H. and his untruthfulness do relate to the quality of his assistance. *See Pamperin*, 456 F.3d at 825; *United States v. Ziesman*, 409 F.3d 941, 957 (8th Cir. 2005); *Moeller*, 383 F.3d at 712-13; *McClure*, 338 F.3d at 850; *United States v. Johnston*, 220 F.3d 857, 863-64 (8th Cir. 2000); *United States v. Wilkerson*, 179 F.3d 1083, 1086 (8th Cir. 1999).

Even if bad faith is a basis to compel a motion for downward departure, Perez did not show bad faith. *See United States v. Hodge*, 469 F.3d 749, 754-55 (8th Cir. 2006). The government provided a rational reason for not administering the polygraph test – immediately before it was to begin, Perez admitted making the statement in question. Perez did not support his allegation that the government's "policy" is actually aimed at punishing him. *See Holbdy*, 489 F.3d at 914 ("unsupported claims of retaliation are insufficient to meet the threshold showing under *Wade*"), *citing Wolf*, 270 F.3d at 1191 (defendant's assertion that government's refusal to file motion for downward departure was punishment for him lying to officers, without any evidence of punitive intent, was insufficient to meet substantial threshold burden).

Perez does not satisfy his substantial threshold burden. Instead, he only reiterates the extent of his assistance and makes "generalized allegations of improper motive." *See Wade*, 504 U.S. at 186. The district court did not err in refusing to hold an evidentiary hearing.

Perez also argues the district court violated the Fifth Amendment Due Process Clause by granting the government's motion for hearings on obstruction of justice and acceptance of responsibility without any showing, while denying his motion for a hearing on substantial assistance for failure to make a substantial threshold showing. He alleges that the regime created by § 3553(e), § 5K1.1, Rule 35(b), and mandatory minimum sentences violates due process and the separation of powers doctrine. This argument has been rejected by this court. *See, e.g., Holbdy*, 489 F.3d at 914 (the government motion requirement under § 3553(e) and Rule 35(b) does not violate the separation of powers doctrine); *United States v. Williams*, 474 F.3d 1130, 1132 (8th Cir. 2007) (statutory minimum sentences are constitutional); *United States v. Kelley*, 956 F.2d 748, 752 (8th Cir. 1992) (en banc) (the government motion requirement does not violate due process or separation of powers doctrine); *United States v. Grant*, 886

F.2d 1513, 1514 (8th Cir. 1989) (the government motion requirement under § 5K1.1 does not violate due process).

The judgment of the district court is affirmed.

_____