# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 07-3221/08-2011

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Parish Mackmore, | * | |
| | * | [UNPUBLISHED] |
| Defendant – Appellant. | * | |

_____

Submitted: December 8, 2008
Filed: December 15, 2008

_____

Before WOLLMAN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Parish Mackmore appeals the district court's[1] denial of his motion to compel the government to file a downward departure motion under 18 U.S.C. § 3553(e) and to reduce his sentence below the statutory mandatory minimum when he was resentenced under 18 U.S.C. § 3582(c)(2). We affirm.

_____

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

I

On July 31, 2001, Mackmore pleaded guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, i.e., crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The plea agreement acknowledged Mackmore was subject to a statutory mandatory minimum sentence of 120 months imprisonment. See 21 U.S.C. § 841(b)(1)(B). It also provided the government would file a motion for downward departure "from the guideline sentence" if the government, in its sole discretion, found Mackmore provided substantial assistance. The agreement did not specify whether such a downward departure motion would be filed under § 3553(e) or § 5K1.1 of the United States Sentencing Guidelines Manual (U.S.S.G.),[2] but rather left the decision in the sole discretion of the government. Ultimately, the government moved for a downward departure under § 5K1.1, but not under §3553(e).

At sentencing on January 3, 2002, Mackmore was assessed a total offense level of 33 and a criminal history category III, resulting in a guidelines range of 168-210 months. The district court granted the government's motion for a downward departure and sentenced him to 140 months imprisonment.

On July 27, 2007, Mackmore filed a motion to compel the government to file another downward departure motion—this time, under § 3553(e)—due to convictions of persons about whom he gave information subsequent to his sentencing. He also asserted the government's refusal to make a § 3553(e) motion was a bad faith breach of the plea agreement.

---

[2] "A motion under § 5K1.1 authorizes the sentencing court to depart below the applicable advisory guideline range in determining the advisory guideline sentence, and a § 3553(e) motion permits the court to sentence below a statutory minimum." United States v. Williams, 474 F.3d 1130, 1131 (8th Cir. 2007).

The district court denied the motion, noting the government preserved its discretion in deciding whether to present such a motion, and Mackmore had failed to allege any legal cause to compel the government to seek a further reduction. Mackmore appealed.

In February 2008, on its own motion, the district court reopened Mackmore's sentencing for a possible reduction under 18 U.S.C. § 3582(c)(2) due to the retroactive amendment of the guidelines for crimes involving crack cocaine. See U.S.S.G. app. C, amend. 706. (2007) (adjusting downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table, U.S.S.G. § 2D1.1), amend. 711 (Supp. 2007) & amend. 713 (Supp. 2008).

The district court found Mackmore was eligible for a sentencing reduction. Mackmore's amended guidelines range was 135-168 months. A proportional reduction for substantial assistance resulted in a revised range of 112-140 months. After noting the sentencing reduction could not be below the mandatory minimum sentence, the court reduced Mackmore's sentence to 120 months imprisonment. Mackmore appealed. This appeal was consolidated with his previously-filed appeal.

II

"A district court may review the government's refusal to make a substantial assistance motion under section 3553(e) . . . , if such refusal (1) was prompted by an unconstitutional motive, such as the defendant's race or religion; or (2) was not rationally related to a legitimate government interest." United States v. Perez, 526 F.3d 1135, 1138 (8th Cir. 2008). "There is an intra-circuit split whether bad faith is an additional basis for compelling a motion for downward departure based on substantial assistance." Id. We review the denial of a motion to compel a § 3553(e) motion for abuse of discretion. Id.

As Mackmore acknowledges, the government was "not strictly bound by the terms of the plea agreement to file a [§ 3553(e)] motion." He contends the government nonetheless had an obligation to file a § 3553(e) motion because he provided the government with "extensive, significant, and useful information leading to the conviction and/or guilty pleas of at least six other individuals."

The law is clear, however, merely reiterating the extent of one's assistance and making generalized allegations of improper motive are insufficient to grant a motion to compel a § 3553(e) motion. Wade v. United States, 504 U.S. 181, 186 (1992) ("[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive."); Perez, 526 F.3d at 1138 (holding that a defendant must show "more than the presentation of evidence of substantial assistance and general allegations of improper motive because we presume a prosecutor has properly discharged her duties absent clear evidence to the contrary"); United States v. Mullins, 399 F.3d 888, 890 (8th Cir. 2005) ("A defendant's bare assertions of assistance do not constitute a 'substantial threshold showing' of improper conduct by the government.").

Mackmore has proffered no evidence that the government's decision not to file a § 3553(e) motion was prompted by an unconstitutional motive or was not rationally related to a legitimate government interest. Nor, even if bad faith is a basis to compel a § 3553(e) motion, has Mackmore demonstrated bad faith. Because Mackmore has not satisfied his burden of demonstrating an improper motive, the district court did not abuse its discretion by refusing to compel the government to file a § 3553(e) motion.

III

"Without a government motion, the district court is without authority to impose a sentence below a statutory mandatory minimum sentence." United States v. Holbdy,

-4-

489 F.3d 910, 912 (8th Cir. 2007).  This is true even in proceedings to reduce sentences under § 3582(c)(2).  See United States v. Black, 523 F.3d 892, 892-83 (8th Cir. 2008); United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008);  U.S.S.G § 1B1.10(b)(2)(A) cmt. n.1(A)(ii) (2008) (sentencing reduction not authorized if the retroactive amendment does not lower the defendant's applicable guidelines range because of a statutory provision, e.g., a statutory mandatory minimum sentence).

Mackmore nonetheless argues the district court should have forced the government to file a § 3553(e) motion and sentenced him below the mandatory minimum when he was resentenced under § 3582(c)(2).  But, as discussed above, the district court did not abuse its discretion in denying Mackmore's motion to compel a § 3553(e) motion.  In determining the revised guidelines range, the district court properly set the bottom of the range at the mandatory minimum.  Therefore, the district court did not err by resentencing Mackmore to 120 months imprisonment.

IV

We affirm.

_____