# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-3775

———————

United States of America,

      Appellee,

v.

Gene Leonard Smith,

      Appellant.

*
*
*
*
*  Appeal from the United
*  States District Court for the
*  Northern District of Iowa.
*
*
*

———————

Submitted: June 11, 2009
Filed:  July 24, 2009

———————

Before MELLOY, BEAM, and COLLOTON, Circuit Judges.

———————

MELLOY, Circuit Judge.

Gene Leonard Smith pleaded guilty to conspiracy to distribute and possess with intent to distribute five-hundred grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; the knowing or intentional use of a person under eighteen years of age in a drug conspiracy, in violation of 21 U.S.C. § 861(a)(1); and knowingly possessing a firearm in the furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court[1] sentenced Smith to the mandatory statutory minimum of life imprisonment for the

---

[1] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

drug offenses given Smith's two prior drug felonies, see 21 U.S.C. §§ 841(b)(1)(A) and 851, and a sixty-month consecutive sentence for the use of a firearm in furtherance of the drug crimes. See 18 U.S.C. § 924(a)(1). Smith appeals, claiming that the district court erred in refusing to compel the government to file a motion for downward departure pursuant to 18 U.S.C. § 3553(e). We affirm.

I.

As part of his plea agreement, Smith agreed to cooperate with law enforcement in the investigation and prosecution of his co-conspirators. The agreement explicitly provided that if the government, in its "sole discretion," concluded that Smith provided "substantial assistance" in the investigation and prosecution of other persons connected to the drug conspiracy, then it "may," but would "not be required to," move for a downward departure under § 3553(e) and/or U.S. Sentencing Guidelines § 5K1.1. See 18 U.S.C. § 3553(e) ("Upon motion of the Government," the district court may depart from the statutory minimum sentence "to reflect a defendant's substantial assistance in the investigation or prosecution of another person."); USSG § 5K1.1 (authorizing a departure from the Guidelines sentence "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person").

In accordance with his plea, law-enforcement officers debriefed Smith for two days. He took and passed a polygraph test when officers raised questions about his truthfulness. On July 3, 2008, Smith testified for the government at co-defendant Leodan Vasquez's sentencing hearing. Smith also testified as a prosecution witness during the trial of co-defendant Jose Juan Islas-Bravo on July 23, 2008. At that proceeding, Smith appears to have testified in accordance with the proffer he made in his debriefing sessions. The government did not introduce additional evidence to corroborate Smith's testimony. When addressing Vasquez's motion to acquit, however, the district court expressed doubts about Smith's credibility as a witness in that case, stating that it had "strong feelings" about Smith's "lack of credibility." The

district court also appeared concerned over whether Islas-Bravo's conviction could be based on Smith's statements alone. Smith claims that instead of remaining "mute" in the face of the district court's statements, the government should have mentioned evidence corroborating his story so as to assure the district court that Smith was a reliable witness. Ultimately, the jury acquitted Islas-Bravo of the criminal count for which Smith's testimony had provided the only evidence.

Despite Smith's debriefing and testimony, the government declined to move for a lesser sentence under either § 3553(e) or § 5K1.1. Smith filed a motion to compel the government to file a substantial-assistance motion under § 3553(e), claiming that its failure to do so had violated Smith's plea agreement. At sentencing, the district court found that "because the plea agreement broadly reserves the decision to make a substantial assistance motion [to] the sole discretion of the U.S. Attorney's Office," there was no breach of the plea agreement. On appeal, Smith contends that the district court erred in denying his motion to compel, alleging that the government's refusal to file a motion "was based upon an unconstitutional motive, was irrational, and was made in bad faith and for the improper purpose of dictating the length of Mr. Smith's sentence." We review the district court's denial of a motion to compel for abuse of discretion. United States v. Perez, 526 F.3d 1135, 1138 (8th Cir. 2008).

II.

Unless a plea agreement provides to the contrary, see United States v. Holbdy, 489 F.3d 910, 913 (8th Cir. 2007), "[b]oth § 3553(e) and § 5K1.1 give 'the Government a power, not a duty, to file a motion when a defendant has substantially assisted'" in the prosecution or investigation of other persons involved in criminal activity. Perez, 526 F.3d at 1138 (quoting Wade v. United States, 504 U.S. 181, 185 (1992)). The "otherwise broad discretion of the government to file a motion for substantial assistance," United States v. Davis, 397 F.3d 672, 676 (8th Cir. 2005), is tempered when a defendant makes a "substantial threshold showing that the government's refusal to make a substantial assistance motion was premised on an

improper motive." Perez, 526 F.3d at 1138 (quotations omitted). "This threshold showing requires more than the presentation of evidence of substantial assistance and general allegations of improper motive because we presume a prosecutor has properly discharged her duties absent clear evidence to the contrary." Id. (quotation omitted). "A district court may review the government's refusal to make a substantial assistance motion . . . if such refusal (1) was prompted by an unconstitutional motive, such as the defendant's race or religion; or (2) was not rationally related to a legitimate government interest." Id. (quotation omitted).

As articulated at Smith's sentencing hearing, the government's decision not to move for downward departure was based on a variety of factors relating to "the significance of the defendant's assistance." The government expressed concerns about the reliability of Smith's information and his credibility generally, as did the district court in Islas-Bravo's trial. Additionally, the government believed that given his lack of credibility, Smith was an ineffective prosecution witness. This was supported by the fact that the jury acquitted Islas-Bravo on the conspiracy charge about which Smith testified. Given this "outcome[]" and his performance on cross-examination, the government concluded that Smith was "pretty much useless in the future." In addition to his ineffectiveness as a witness, the government pointed out that Smith's role in the Vasquez sentencing was minimal: he testified about the price of drugs and Vasquez's role in the conspiracy. This information provided evidence for the application of a sentencing enhancement.

As further support for its refusal to make the motion, the government noted the timing of Smith's cooperation. Smith began cooperating with law enforcement after the investigation into the conspiracy had already ended. By the time the government debriefed him and attempted to verify his credibility via polygraph, Smith was only available to testify in the Vasquez sentencing hearing and the Islas-Bravo trial. The government also highlighted as a reason to refrain from moving that Smith had not

engaged in "any active" cooperation or investigation on the government's behalf because he was incarcerated.

In response to the government's justifications for not filing a motion, Smith has presented no evidence that the decision was based on an unconstitutional motive, such as his race or his religion. See, e.g., United States v. Moeller, 383 F.3d 710, 712 (8th Cir. 2004) (finding no unconstitutional motive when "the prosecutor explicitly stated that the government's decision not to file a § 3553(e) motion was based upon the cooperation [the defendant] provided" and nothing in the record contradicted that claim (quotation and alteration omitted)).

Smith has also not presented evidence that the government's refusal to file a substantial-assistance motion was not rationally related to a legitimate end. See Wade, 504 U.S. at 187 ("The Government's decision not to move [for a motion] may have been based not on a failure to acknowledge or appreciate [the defendant's] help, but simply on its rational assessment of the cost and benefit that would flow from moving."). Smith argues that the government considered factors other than his assistance when determining whether to make the motion and that this was improper. Specifically, he claims that the government refused to make the motion because it hoped to dictate the length of Smith's sentence and limit the sentencing court's discretion. "A defendant's assistance is the only permissible basis for the government to exercise or refuse to exercise its power under § 3553(e)." United States v. Freemont, 513 F.3d 884, 888 (8th Cir. 2008). And "[t]he desire to dictate the length of a defendant's sentence for reasons other than his or her substantial assistance is not a permissible basis for exercising the government's power under § 3553(e)." United States v. Stockdall, 45 F.3d 1257, 1261 (8th Cir. 1995). But, as outlined above, there is no evidence to indicate that the government based its decision not to move on anything other than Smith's assistance, or lack thereof. We recognize that "[t]he government's refusal to file a § 3553(e) or § 5K1.1 motion always has the *effect* of limiting the sentencing court's discretion. But so long as the government is exercising

-5-

the statutory power conferred by those laws and its action is not based on an unconstitutional motive, its refusal to file the motion is unreviewable." Moeller, 383 F.3d at 713.

Smith also claims that "the government . . . based its decision . . . on a factor other than the substantial assistance . . . because [it relied on the fact that] the trial court had discredited [Smith's] testimony" in deciding not to move. Contrary to Smith's claim, however, questions about the credibility of a defendant in a case where the government assistance involves an activity such as providing testimony—whether expressed by the government or a presiding judge—"do relate to the quality of . . . assistance." See Perez, 526 F.3d at 1139 n.2. As such, it is not an improper basis upon which to determine whether to file a motion for substantial assistance. Id.

Smith's final claim of improper motive is that the government refused to file the motion "in bad faith" because it was being a "sore loser[]" following its inability to obtain a conspiracy conviction in the Islas-Bravo trial. We conclude that Smith has only set forth "'generalized allegations of improper motive,'" which are insufficient to make the threshold showing required for relief. See Perez, 526 F.3d at 1138 (quoting Wade, 504 U.S. at 186).

In conclusion, because we hold that Smith has failed to meet the threshold showing of improper motive, the district court did not abuse its discretion in refusing to compel the government to file a § 3553(e) motion. See id. at 1139; see also Moeller, 383 F.3d at 713 ("When the government ties its refusal to make a § 3553(e) motion to the defendant's substantial assistance, or lack thereof, and the defendant fails to make a substantial threshold showing of improper motive, an evidentiary hearing is not warranted.").

## III.

Finally, Smith argues that the doctrine of judicial estoppel should have prevented the government from arguing at his November 6, 2008 sentencing that Smith did not provide substantial assistance. Smith claims that the government's position during his sentencing was "clearly inconsistent" with its position in the October 16, 2008 appellate brief it submitted to this court in co-conspirator Vasquez's sentencing appeal. In that brief, the government argued "that the district court had committed no error by relying upon [Smith's testimony] in imposing a three-level sentencing enhancement" at Vasquez's sentencing hearing. We disagree with Smith.

Judicial estoppel is an equitable remedy fashioned "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 749–50 (2001) (internal citations and quotations omitted). In order to prevail on a claim of judicial estoppel, Smith must first establish that the government's position at his sentencing was "'clearly inconsistent with its earlier position'" during Vasquez's appeal. See Stallings v. Hussmann Corp., 447 F.3d 1041, 1047 (8th Cir. 2006) (quoting New Hampshire, 532 U.S. at 750). Smith has failed to meet this basic requirement. There is nothing "clearly inconsistent" with the government's position that Smith did not warrant a § 3553(e) motion and its position during the Vasquez appeal that Smith's testimony was reliable enough to serve as the basis of a sentencing enhancement. The government's determination of whether Smith provided substantial assistance and merited the motion was based on "the significance of the defendant's assistance" in both the Vasquez and Islas-Bravo trials. As previously highlighted, the government's decision to move includes consideration of many factors in addition to Smith's credibility. Smith's claim thus fails.

## IV.

For the foregoing reasons, we affirm the judgment of the district court.

_____