# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3095

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Randy Lee Schell, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 11, 2009
Filed: September 2, 2009

_____

Before RILEY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Randy Schell pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine within 1000 feet of a protected location. The district court[*] sentenced Schell to 120 months' imprisonment. On appeal, Schell argues that the government breached the plea agreement by failing to make a substantial-assistance motion under 18 U.S.C. § 3553(e) or USSG § 5K1.1, and by not apprising the district

_____

[*]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

court of the extent of his assistance. He also argues that the government's failure to disclose the extent of his assistance "circumvent[ed]" the district court's consideration of information under 18 U.S.C. § 3661. We affirm.

I.

In April 2008, a one-count information charged Schell with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine within 1000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 860(a). Schell entered into a plea agreement with the government. Under the terms of the agreement, Schell promised to cooperate fully with the government in the investigation of criminal activity. The plea agreement provided that in the event Schell provided "substantial assistance," the government may, in its "sole discretion," file a motion under 18 U.S.C. § 3553(e) and USSG § 5K1.1. The plea agreement also stated that "[a]t or before the time of sentencing," the government would "advise the court of any assistance, or lack thereof, provided by [Schell]."

In May 2008, Schell appeared before a magistrate judge and pled guilty to the offense charged in the information. The magistrate judge issued a report recommending that the district court accept Schell's guilty plea, and the district court later accepted the plea.

After pleading guilty, Schell cooperated with the government by "debrief[ing] on more than one occasion." The government, however, decided not to file a substantial-assistance motion. The government informed Schell of its decision a week before the sentencing hearing, and then reiterated its position at the sentencing hearing in September 2008. The government did not explain why it exercised its discretion not to make a motion, and did not inform the court of assistance provided by Schell. Schell's counsel expressed disappointment at the government's decision, stating that

-2-

Schell had cooperated by debriefing and complied with his obligations under the plea agreement. Schell's counsel did not assert that the government breached the plea agreement.

The court calculated an advisory guideline range of 79 to 97 months' imprisonment, which corresponded to a total offense level of 28 and a criminal history category of I. Because the statutory minimum sentence applicable to Schell was 120 months' imprisonment, however, his advisory guideline sentence became 120 months. *See* USSG § 5G1.1(b). Observing that it was bound by the mandatory minimum sentence, the court sentenced Schell to 120 months' imprisonment and 10 years' supervised release. Schell appeals.

## II.

Schell first argues that the government breached the plea agreement by failing to make a substantial-assistance motion on his behalf. Schell did not object in the district court on this basis, so we review his claim under the plain-error standard. *Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009); *see United States v. Olano*, 507 U.S. 725, 733-36 (1993).

A plea agreement is breached when a government promise that induces a plea goes unfulfilled. *Santobello v. New York*, 404 U.S. 257, 262 (1971). Here, the government did not break any promise by refusing to make a substantial-assistance motion under § 3553(e) or § 5K1.1. The plea agreement expressly provided that the government was not required to make a substantial-assistance motion, that it retained "sole discretion" to decide whether to make any such motions, and that it made "no promise, implied or otherwise," that it would make any motions. Schell notes that the court may review a prosecutor's refusal to file a motion if the decision was based on an unconstitutional motive, *see Wade v. United States*, 504 U.S. 181, 186 (1992), but he has failed to make the "substantial threshold showing" required to obtain an

evidentiary hearing on that point. *See United States v. Perez*, 526 F.3d 1135, 1138 (8th Cir. 2008). Schell never alleged an improper motive on the part of the government, stating only that he was "disappointed" at the government's decision, because he debriefed "on more than one occasion" and "thought he complied with the cooperation plea agreement." Accordingly, Schell is not entitled to relief on this claim.

Schell next contends that the government breached the plea agreement by failing to apprise the court of the extent of his cooperation with the government. Because he did not raise this contention in the district court, we review his claim for plain error. *Puckett*, 129 S. Ct. at 1428.

Paragraph 16 of the plea agreement states, in pertinent part: "At or before the time of sentencing, the United States will advise the court of any assistance, or lack thereof, provided by the defendant in the ongoing investigation into criminal activity." Schell asserts that the government did not comply with its obligations under this paragraph, because it never informed the court of the extent of his assistance. The government counters that it was not required to provide any details about Schell's assistance, because it did not contest Schell's summary of his assistance at the sentencing hearing. Alternatively, the government asserts that even assuming it violated its duty to apprise the court under paragraph 16, Schell's substantial rights were unaffected. We agree with the government's latter argument.

In the absence of a government motion under § 3553(e), the court was without authority to impose a sentence below the 120-month statutory mandatory minimum. *See United States v. Freemont*, 513 F.3d 884, 888 (8th Cir. 2008). Thus, even if the government committed an obvious breach of the plea agreement by failing to inform the court of Schell's assistance, Schell has not shown a reasonable probability that the error affected the outcome of the proceedings. *See Olano*, 507 U.S. at 733.

Schell's final argument, raised for the first time on appeal, is that the government's failure to comply with paragraph 16 "circumvents" 18 U.S.C. § 3661. That section, entitled "[u]se of information for sentencing," states: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Schell contends that the government's failure to explain why it decided against making a substantial-assistance motion limited the court's ability to consider information about his "background, character, and conduct."

Section 3661 codifies the principle that a sentencing court has broad discretion to consider a wide range of relevant evidence, including evidence that would be inadmissible at trial, in making sentencing determinations. *See Williams v. New York*, 337 U.S. 241, 247 (1949). Schell makes no argument that the district court refused to consider relevant evidence or exceeded its discretionary authority under § 3661 by improperly considering certain evidence. His complaint is with the government's refusal to provide reasons to the court, but § 3661 imposes no obligation on the government. There is thus no basis to conclude that the district court's conduct of the proceeding violated § 3661.

Accordingly, the judgment of the district court is affirmed.

_____