# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1657

_____

United States of America

*Plaintiff - Appellee*

v.

Deborah Theeler

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: February 29, 2016
Filed: March 8, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Deborah Theeler appeals the denial of her motion to reduce her sentence in accordance with Amendment 782 of the United States Sentencing Guidelines, the retroactive "drugs minus two" amendment.

In 2007, Theeler pleaded guilty to one count of Conspiracy to Distribute 500 grams of Methamphetamine or 50 grams of Actual Methamphetamine. Her advisory Guidelines sentencing range was 360 months to life and her statutory minimum sentence was 240 months. The government moved for a below-Guidelines-range sentence pursuant to U.S.S.G. § 5K1.1, but did not move pursuant to 18 U.S.C. § 3553(e) to permit a sentence below the statutory minimum. The district court[1] imposed the statutory minimum sentence of 240 months.

On December 31, 2014, Theeler filed a *pro se* motion for a reduction to her sentence seeking the benefit of Amendment 782 which would have resulted in an advisory Guidelines sentencing range of 292 to 365 months. The original sentencing judge addressed the motion and determined that, because Theeler had received a statutory minimum sentence, a reduction was not authorized by statute.

A court may, in some circumstances, reduce a defendant's sentence if the Guidelines range upon which the sentence was based is subsequently amended and if a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Guideline amendments, however, do not suspend otherwise applicable statutory minimums, and "[w]ithout a government motion, the district court is without authority to impose a sentence below a statutory mandatory minimum sentence." United States v. Holbdy, 489 F.3d 910, 912 (8th Cir. 2007). Here, the parties agree that the government originally moved only pursuant to U.S.S.G. § 5K1.1, and not pursuant to § 3553(e). The district court was and remains without authority to sentence Theeler below 240 months. Cf. United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008) (per curiam) (reduction pursuant to Amendment 706 unavailable where initial sentence was the statutory minimum).

We affirm the judgment of the district court.

_____

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.