# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1455
_____

United States of America,

*Plaintiff - Appellee,*

v.

Randy Allen Hentges,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque
_____

Submitted: September 12, 2014
Filed: March 9, 2015
_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Randy Allen Hentges appeals from the 132-month prison sentence imposed by the district court after Hentges pleaded guilty to attempting to manufacture methamphetamine near a school. Hentges argues that the district court[1] erred in

_____

[1]The Honorable Linda. R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

determining that he was a career offender under the advisory guidelines, and that the district court's pronouncement of an alternative sentence is insufficient to justify the sentence imposed. He also asserts that the district court denied him the right to allocution at sentencing. We affirm.

Hentges pleaded guilty to attempt to manufacture methamphetamine near a school, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846, and 860. At sentencing, the district court determined that Hentges was a career offender under the sentencing guidelines, *see* USSG § 4B1.1, that he accepted responsibility for his offense, *see id*. § 3E1.1, and that the advisory sentencing range was 188 to 235 months' imprisonment. The court then explained that even if Hentges were not a career offender, in which case the advisory sentencing range would have been 92 to 115 months' imprisonment, the court would have varied upward from the range pursuant to 18 U.S.C. § 3553(a), due to the seriousness of Hentges's criminal conduct and his incorrigibility. Under either approach, the court declared, it would arrive at the same sentence of 188 months' imprisonment. The court then granted the government's motion to reduce Hentges's sentence pursuant to USSG § 5K1.1, based on his provision of substantial assistance, and reduced the sentence to 132 months.

After comments from counsel, the court offered Hentges an opportunity to speak. When Hentges was finished, the court said that it was "ready to impose the sentence," and announced its judgment that Hentges was sentenced to a term of 132 months' imprisonment. Hentges appeals.

Hentges first argues that the district court erred in classifying him as a career offender under USSG § 4B1.1, because he had not sustained two qualifying prior convictions for a crime of violence or a controlled substance offense as required by USSG § 4B1.1(a)(3). He admits one prior qualifying conviction for possession of cocaine with intent to deliver, but disputes the district court's determination that his convictions for possession of a precursor chemical with intent to manufacture a

-2-

controlled substance and for attempted burglary in the third degree also qualify. The government responds that both of the prior convictions qualify, but that even if Hentges is not a career offender, the district court's alternative decision to vary upward from the advisory guidelines is enough to sustain the judgment. Hentges counters that the district court did not offer a sufficient justification for imposing the alternative sentence.

We find it unnecessary to address whether Hentges qualifies as a career offender, because the district court's alternative decision to vary upward from the advisory guideline range is sufficient to justify the sentence imposed. The court explained that even if Hentges were not a career offender, the court would sentence Hentges—before a reduction for providing substantial assistance—to a term of 188 months pursuant to § 3553(a), rather than within the advisory range of 92 to 115 months. In short, the court concluded that Hentges is "at high risk to recidivate and he is incorrigible." S. Tr. 16. The court cited Hentges's extensive criminal history, which resulted in 22 criminal history points under the guidelines—making him "atypical" even for offenders who are placed in the highest criminal history category under the guidelines with 13 or more points. The court observed that lenient sentences in prior cases had not changed Hentges's behavior, and that Hentges performed "extremely poorly on correctional supervision." "His probation, his parole, are revoked consistently. And then, to top it off, when he doesn't like what's going on, he just walks away." The court referred to numerous escapes or absences from custody in Hentges's criminal history. Hentges also committed the instant drug trafficking offense while under a criminal justice sentence, a fact that the court found was "an additional indication of the seriousness of his criminal conduct and his incorrigibility." S. Tr. 10.

Hentges complains that the district court based the variance on a mistaken finding that "[h]e has been involved with drugs as a drug dealer since age 21." Hentges was convicted of possessing cocaine with intent to deliver at age 21,

possession of drug paraphernalia at age 25, and possession of a precursor chemical with intent to manufacture methamphetamine at age 28. The instant offense, committed at age 31, was an attempt to manufacture methamphetamine near a school. We see no clear error or prejudice arising from the district court's shorthand reference to Hentges's history with illegal drugs. He did sustain a conviction for "drug dealing" at age 21 when he possessed cocaine with intent to deliver, and then he committed two more offenses involving intent to manufacture methamphetamine within the next decade. Manufacturing offenses commonly are labeled "drug trafficking offenses," *e.g.*, USSG § 2L1.2, comment. (n.(1)(B)(iv)), and we do not think the court's use of the term "drug dealing" to summarize Hentges's involvement manifests a misunderstanding of the criminal history or a reason to believe that the court would have imposed a lesser sentence after describing each drug offense more precisely.

Hentges also challenges the district court's reliance on his unusually large number of criminal history points (22) as a basis for an upward variance. He contends that data from the United States Sentencing Commission show a rate of recidivism for offenders with more than 20 criminal history points that is no greater than the rate for some offenders in Category VI with fewer points. *See* U.S. Sentencing Comm'n, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines 7 (2004). The data are not as convincing as Hentges suggests. For 2003, offenders with 20 or more points recorded a recidivism rate of just under 60 percent, a higher rate than for offenders with 13, 16, 17, 18, or 19 points. *Id.* That offenders with 14 or 15 points reoffended at a slightly higher rate during that year does not make it unreasonable for the district court to correlate a score above 20 with atypical incorrigibility. Our precedent clearly supports the district court's approach. *E.g.*, *United States v. Sayles*, 754 F.3d 564, 568 (8th Cir. 2014); *United States v. Foy*, 617 F.3d 1029, 1036 (8th Cir. 2010).

The district court has considerable discretion in fashioning a sentence under § 3553(a) based on the unique characteristics of each offender. Even if Hentges's prior felony convictions did not satisfy the definition of "controlled substance offense" or "crime of violence" under the categorical and modified categorical approaches that must be applied, *see generally Descamps v. United States*, 133 S. Ct. 2276 (2013), the court was permitted to consider Hentges's admitted conduct on those occasions, along with his overall criminal history and response to supervision, when applying § 3553(a). We conclude that there was no abuse of discretion.

Hentges also asserts that the district court denied him his right to allocution under Federal Rule of Criminal Procedure 32(i) and the Due Process Clause of the Fifth Amendment. He complains that the district court announced the sentence that it would impose without first allowing Hentges to speak. Because Hentges failed to object to this procedure at sentencing, we review for plain error. *United States v. Hoffman*, 707 F.3d 929, 937 (8th Cir. 2013). Although the district court did announce its intention to impose a 132-month sentence (188 months less 56 months for substantial assistance) before granting Hentges his right of allocution, the court did invite Hentges to speak before the court imposed the sentence. That procedure does not violate Rule 32(i) or the Constitution. *United States v. Boose*, 403 F.3d 1016, 1017 (8th Cir. 2005) (per curiam).

The judgment of the district court is affirmed.

_____