# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3489
_____

United States of America

*Plaintiff - Appellee*

v.

Andrew Jose Espinoza

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: May 18, 2016
Filed: August 8, 2016

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Andrew Jose Espinoza pled guilty to possession with intent to distribute 50 grams or more of a mixture containing methamphetamine, a mixture containing cocaine, and a mixture containing marijuana, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B). He objects he is not a career offender and his 188-month sentence is unreasonable. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Shortly before he pled guilty, Espinoza violated the terms of his pretrial release by threatening staff at his halfway house. The revised PSR classified Espinoza as a career offender under U.S.S.G. § 4B1.1, due to a prior felony conviction for possession with intent to deliver a hazardous drug, and two prior felony convictions for a crime of violence (a Nebraska conviction for terroristic threats and a Texas conviction for burglary of a building). Espinoza objected to the career offender designation.

Before sentencing, the district court[1] notified the parties that it was considering an upward variance regardless of the outcome of the career offender issue because of Espinoza's "extensive criminal history and the conduct that caused revocation of pretrial release." At sentencing, the district court applied the career offender enhancement, increasing the guideline range from 130-168 months to 188-235 months. The district court said:

> With respect to the career offender—the legal questions regarding the career offender issue, even if the defendant was technically not a career offender, I would, nevertheless, sentence him as if he were because of two things. Under 18 U.S.C. §3553(a), one of the things that I must. . . consider is to protect the public from future crimes of the offender. The defendant's criminal history in this case is, as I have said a moment ago, breathtaking. Moreover, the presentence report indicates that his pretrial release was revoked because he made threats to the staff at the halfway house, so to speak, where he was being treated. That suggests to me a very high risk—those two things suggest to me a very high risk to re-offend, similar to the very high risk that we see in career offenders. So, I will upwardly vary accordingly.

The court sentenced Espinoza to 188 months' imprisonment. Espinoza argues that the district court erred in applying the career offender enhancement because the two

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

convictions for terroristic threats and burglary of a building are not crimes of violence under U.S.S.G. § 4B1.2. He also claims the sentence is unreasonable

It is "unnecessary to address whether [Espinoza] qualifies as a career offender, because the district court's alternative decision to vary upward from the advisory guideline range is sufficient to justify the sentence imposed." *See United States v. Hentges*, 817 F.3d 1067, 1068 (8th Cir. 2016). The discussion at sentencing shows that "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346-47 (2016) ("Judges may find that some cases merit a detailed explanation of the reasons the selected sentence is appropriate. And that explanation could make it clear that the judge based the sentence he or she selected on factors independent of the Guidelines.").

This court "may not apply a presumption of unreasonableness" when a sentence is outside the guidelines range. *United States v. Moralez*, 808 F.3d 362, 368 (8th Cir. 2015). This court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* Espinoza violated his pretrial release by threatening the staff at his halfway house. The district court found that he had a high risk of re-offending, and that the need to protect the public outweighed any mitigating factors. Espinoza's sentence—20 months above the original guidelines—is based on the court's consideration of the statutory goals of sentencing and factors in § 3553(a). *See Hentges*, 817 F.3d at 1068-69 (affirming district court's upward variance based, in part, on defendant's "extensive criminal history", and his "extremely poor" performance on correctional supervision). The district court's above-guidelines sentence is reasonable.

* * * * * * *

The judgment is affirmed.

_____