# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3973

_____

United States of America

*Plaintiff - Appellee*

v.

Derek Hughes-Doby

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 22, 2017
Filed: October 16, 2017
[Unpublished]

_____

Before LOKEN, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After Derek Hughes-Doby pleaded guilty to two counts of being an unlawful drug user who possessed a firearm, *see* 18 U.S.C. § 922(g)(3), the district court[1]

_____

[1] The Honorable Linda R. Reade, then Chief Judge of the United States District Court for the Northern District of Iowa.

sentenced him to fifty-seven months in prison, followed by three years of supervised release. In calculating the sentencing range, the district court applied, over Hughes-Doby's objection, a four-level enhancement under USSG § 2K2.1(b)(6)(B). And, although Hughes-Doby had testified for the government at the sentencing hearing of a co-defendant, the government declined to make a motion to reduce his sentence for providing substantial assistance. *See* USSG § 5K1.1. Hughes-Doby appeals his sentence, and we affirm.

The district court applied the § 2K2.1(b)(6)(B) sentencing enhancement because Hughes-Doby had handed one of his firearms to Treundes Howell at a firing range, so that Howell, whom Hughes-Doby knew to be a convicted felon, could use it to shoot some ammunition. Section 2K2.1(b)(6)(B) provides, as relevant, for a four-level enhancement if the defendant "used or possessed [the] firearm . . . in connection with another felony offense." Although the transfer of the gun to Howell was temporary, the district court, citing our decision in *United States v. Stegmeier*, 701 F.3d 574 (8th Cir. 2012), found that Hughes-Doby had violated 18 U.S.C. § 922(d)(1), which prohibited him from disposing of a firearm to a known felon. We review a district court's application of the sentencing guidelines de novo. *United States v. McGrew*, 846 F.3d 277, 280 (8th Cir. 2017).

Although Hughes-Doby asserts that in temporarily handing a gun to Howell for use at the firing range, he did not "dispose of" the gun within the meaning of 18 U.S.C. § 922(d), we need not decide that issue in light of the district court's conclusion that it would impose the same sentence absent the enhancement. *See United States v. Espinoza*, 831 F.3d 1096, 1097 (8th Cir. 2016).

Hughes-Doby, however, maintains that the alternative sentence the district court imposed was unreasonable. In justifying that sentence, the district court considered the circumstances of the offense and Hughes-Doby's criminal history. In particular, the district court noted Hughes-Doby's intentional transfer of the gun to

a known felon, and also his admission to having illegally sold drugs to a confidential police informant on two occasions. The district court made these points in support of the alternative sentence as part of a larger discussion in which it weighed the 18 U.S.C. § 3553(a) considerations. We review the reasonableness of a sentence for an abuse of discretion. *United States v. Fairchild*, 819 F.3d 399, 413 (8th Cir. 2016).

Hughes-Doby raises three challenges to the reasonableness of his alternative sentence, none of which succeeds. He first maintains that his alternative sentence is identical to his guideline-based sentence, but that is of no moment because the district court was clear that it found the sentence appropriate irrespective of Hughes-Doby's guidelines range. *See Espinoza*, 831 F.3d at 1097.

Hughes-Doby also contends that the district court unreasonably assumed that his temporary transfer of a gun to a known felon should be treated the same as if he had sold the gun to the felon. But this argument ignores the fact that the district court also relied on Hughes-Doby's criminal history in imposing the alternative sentence. In any event, he does not deny that by placing a gun in the hands of someone who has shown that he cannot be trusted to possess a weapon, he created the very risk that the federal prohibition of felons possessing firearms is intended to prevent. *See United States v. Schmidt*, 571 F.3d 743, 747 (8th Cir. 2009). Hughes-Doby suggests nonetheless that if his conduct did not technically qualify for a § 2K2.1(b)(6)(B) enhancement (which, for present purposes, we are assuming), the district court cannot consider that conduct in imposing an upwardly-variant alternative sentence of comparable length. But he is mistaken because the whole point of such sentences in this context is to justify an imposed prison term in case the guidelines calculation was mistaken. *See Espinoza*, 831 F.3d at 1097.

Hughes-Doby maintains, in addition, that the district court's consideration of his illegal drug sales violated his cooperation agreement with the government. But the part of the agreement on which he relies for this contention stated only that the

information he provided on a particular date would not be used to determine his applicable guidelines range. To prevail on this point, Hughes-Doby must show that he told the government about those sales on that date and that the government did not already know about them, neither of which he has done. In any event, the district court did not use Hughes-Doby's drug sales to determine his guidelines range, but to impose an alternative sentence that varied from that range.

In sum, we hold that the alternative sentence is adequately supported and not substantively unreasonable.

Hughes-Doby's other challenge is to the government's refusal to move for a sentencing reduction under USSG § 5K1.1 for the assistance he provided in testifying at a co-defendant's sentencing hearing. We are not altogether convinced that Hughes-Doby has preserved this error for review, but we conclude that it has no merit in any event.

Hughes-Doby's cooperation agreement provided that it was in the government's sole discretion to decide whether he had rendered substantial assistance and that, even if the government were to find that he had, the government was still not required to file a § 5K1.1 motion in this case. Those provisions gave the government a broad discretion that is unreviewable unless Hughes-Doby made a substantial threshold showing that the government's refusal to file the motion was premised on an improper motive. This showing requires more than the presentation of evidence of substantial assistance, along with general allegations of improper motive. *See United States v. Smith*, 574 F.3d 521, 525 (8th Cir. 2009).

Hughes-Doby has not made this threshold showing. In fact, he admits that the district judge found his sentencing testimony so unreliable that she declined to credit it. His contention, at bottom, is that the government had no reason to refuse to file a § 5K1.1 motion because the judge who heard his testimony did not, in the end, find

him perjurious—only not credible. Hughes-Doby does not even try to argue that his ineffectual assistance was somehow substantial. On this record, we do not have a basis to review the government's decision not to file a § 5K1.1 motion. Hughes-Doby's simple disagreement with the government's assessment of the quality of his assistance is not proper grounds for second-guessing that assessment. *See Smith*, 574 F.3d at 526.

We have considered and reject Hughes-Doby's remaining arguments.

Affirmed.

_____