# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1484

_____

United States of America

*Plaintiff - Appellee*

v.

Jerry Ray Puckett

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: February 12, 2018
Filed: March 19, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jerry R. Puckett pled guilty to two counts of escaping from custody in violation
of 18 U.S.C. § 751(a). The district court[1] sentenced him to concurrent terms of 48

_____

[1]The Honorable Roseann Ketchmark, United States District Judge for the
Western District of Missouri.

months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Puckett argues his 48-month sentence (guidelines range 24 to 30 months) is procedurally and substantively unreasonable because the court denied him "his right to allocution prior to determining an upward variance" and imposed an "overly punitive sentence" that failed "to give appropriate weight to the mitigating circumstances."

Puckett did not object to procedural error at sentencing, and this court reviews for plain error. *See United States v. Burnette*, 518 F.3d 942, 946 (8th Cir. 2008) ("Procedural sentencing errors are forfeited, and therefore may be reviewed only for plain error, if the defendant fails to object in the district court."). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights. If these conditions are met, an appellate court may exercise its discretion to correct a forfeited error only if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Vaughn*, 519 F.3d 802, 804 (8th Cir. 2008) (internal citations omitted), *quoting Johnson v. United States*, 520 U.S. 461, 467 (1997).

Puckett believes the "district court committed plain error when it failed to sufficiently permit [him] to exercise his right to allocution prior to determining an upward variance in imposing sentence." This belief is without merit. Federal Rule of Criminal Procedure 32 requires a district court "to permit the defendant to speak or present any information to mitigate the sentence" before imposing a sentence. Fed. R. Crim. P. 32(i)(4)(A)(ii). "[F]ailure to comply with Rule 32's requirement of affording a defendant the right of allocution constitutes reversible error per se which mandates a remand for resentencing." *United States v. Patterson*, 128 F.3d 1259, 1261 (8th Cir. 1997). However, if the district court allows a defendant to speak before it imposes the sentence, it does not violate either Rule 32(i) or the United States Constitution. *See United States v. Hentges*, 817 F.3d 1067, 1069-70 (8th Cir.

2016).  Here, although the court stated its intention to vary upward before allocution, it allowed Puckett to speak before announcing the sentence.  This is not error, let alone plain error.  *See id.* at 1070 (holding no plain error where district court announced "its intention to impose a 132-month sentence before granting [defendant] his right of allocution").  *See also United States v. Williams*, 109 F.3d 502, 513 (8th Cir. 1997) ("[I]f, after imposing the sentence, a trial judge realizes the defendant has not been afforded his right to allocution, the judge may correct the omission by reopening the sentencing proceeding and subsequently addressing the defendant pursuant to Rule 32.").

Puckett contends the 48-month sentence is substantively unreasonable because the "district court failed to give appropriate weight to the mitigating circumstances of Mr. Puckett's well-documented and undisputed history of [drug] addiction."  This court reviews "the imposition of sentences, whether inside or outside the Guidelines range, [with a] deferential abuse-of-discretion standard."  *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  The district court considered Puckett's drug addiction, noting his drug use put the public at risk when he possessed a firearm and drove "on public streets under the influence of methamphetamine."  Thus, while the court acknowledged he did not have a "desire to go and get high," he was "too dangerous" and lacked "respect for the law."  The district court explained its reasons for varying upward based on the § 3553(a) factors including "the history and characteristics of the defendant, the need to promote respect for the law, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant."

The district court did not abuse its discretion.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

-3-