# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2204

_____

United States of America,

*Plaintiff - Appellee,*

v.

Durius Antwan Davis,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: April 15, 2019
Filed: August 6, 2019

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Durius Davis pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1). In calculating the advisory sentencing guideline range, the district court[1] applied a base offense level of 24 after finding that

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Davis had two prior felony convictions for "crimes of violence" under USSG § 4B1.2(a). The court sentenced Davis to 63 months' imprisonment and specified that it would impose the same sentence under 18 U.S.C. § 3553(a) even if it had wrongly decided the "crime of violence" issue. We conclude that this alternative sentence is sufficient to sustain the judgment, so we affirm.

In his plea agreement, Davis stipulated to a minimum base offense level of 20 but acknowledged that a higher base offense level ultimately could apply due to prior convictions. The presentence report recommended a base offense level of 24. The report determined that Davis's 2010 Iowa conviction for willful injury, *see* Iowa Code § 708.4, was a "crime of violence" under the "force clause" of USSG § 4B1.2(a)(1), and that his 2011 Iowa conviction for second-degree robbery, *see* Iowa Code §§ 711.1 and 711.3, was a "crime of violence" under the enumerated offenses clause of USSG § 4B1.2(a)(2). Davis objected to these determinations and argued for a base offense level of 20. The district court found that the base offense level was 24.

After applying adjustments, the court arrived at a total offense level of 23. Davis's criminal history category was IV, so his advisory sentencing guideline range before departures was 70-87 months' imprisonment. The court then granted a downward departure of twenty percent, which yielded a guideline range of 56-70 months, and sentenced Davis to 63 months' imprisonment.

Davis first argues that the district court erred in calculating the offense level because his 2011 Iowa robbery conviction is not a "crime of violence" under USSG § 4B1.2(a). We need not address this claim because the district court made an alternative determination that renders the issue moot. The court declared that Davis should receive a 63-month sentence under 18 U.S.C. § 3553(a) even if the court had wrongly decided the "crime of violence" issue. That ruling is sufficient to justify the sentence imposed. *See United States v. Papakee*, 573 F.3d 569, 576-77 (8th Cir. 2009).

In pronouncing sentence, the court stated:

> [E]ven if the two convictions that were scored as predicates to the base offense level are ultimately found in the future not to be appropriate crimes of violence for purposes of the enhancement to the base offense level, the Court's decision on ultimate disposition would be absolutely the same after a careful consideration of the 3553(a) factors. And I have considered each and every 3553(a) factor in Title 18. Even though I may not discuss each and every one of them in detail, rest assured, each has been very carefully considered.

The court proceeded to explain the 63-month sentence by discussing several appropriate considerations under § 3553(a): Davis's "extremely serious" criminal history, high likelihood of recidivism, poor performance during periods of correctional supervision, substance abuse history, lack of lawful employment, prior gang membership, and the danger he posed to the community. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). The court thus provided an adequate independent foundation for the sentence based on application of the § 3553(a) factors. *See United States v. Dace*, 842 F.3d 1067, 1069-70 (8th Cir. 2016) (per curiam).

Davis contends that the district court failed to consider the alternative guideline range that would have applied without the two predicate crimes of violence. With a base offense level of 20, Davis's total offense level would have been 19, and his alternative guideline range before departures would have been 46-57 months. If the court applied the same twenty-percent downward departure, then the range would have been 37-46 months.

The district court did not explicitly state these calculations, but it "did far more than toss off a blanket alternative sentence." *United States v. McGee*, 890 F.3d 730, 737 (8th Cir. 2018). The court acknowledged that its resolution of the "crime of violence" issue led to an "enhancement" of the base offense level, thus demonstrating

awareness that the alternative guideline range would have been lower than 56-70 months. The court also said that it had considered "each and every" § 3553(a) factor in determining that 63 months was appropriate as an alternative sentence; the applicable guideline range is one of those factors. *See* 18 U.S.C. § 3553(a)(4)(A). And the court stressed that its "ultimate disposition" would be the same based on application of the § 3553(a) factors even if it had wrongly decided the "crime of violence" issue. On this record, we are satisfied that the court considered the alternative guideline range and imposed the 63-month sentence as an upward variance from this alternative range.

Davis also argues that the 63-month sentence is substantively unreasonable relative to the alternative guideline range. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court highlighted a number of aggravating factors that justify the 63-month sentence.

Davis's criminal history was "extremely serious." He committed five offenses before the age of 16; two of these offenses were for assault, and none of them received criminal history points. Davis's criminal behavior then "escalated," as he was convicted of second-degree robbery and willful injury. For these offenses, he served more than six years in prison. Despite this punishment, he committed the offense in this case fewer than two months after his release from prison. Davis also performed poorly during periods of correctional supervision, violating conditions of release on several occasions by using drugs, violating curfew, and absconding. In view of this track record, the district court reasonably concluded that there was a "high likelihood that [Davis] will recidivate."

The court also emphasized the violent conduct involved in Davis's robbery and willful injury offenses. While Davis disputed that these offenses were crimes of violence, he did not object to the portions of the presentence report that recounted the

circumstances of the crimes, and he acknowledged that they involved "violent behavior." During the robbery offense, Davis or one of his companions displayed a knife, and Davis shot a victim multiple times in committing the willful injury offense. The district court permissibly arrived at a common-sense observation: "Whether or not those are crimes of violence technically is sort of beside the point. I'm calling them violent as we would use that word in ordinary conversation."

Regardless of whether prior felony convictions satisfy the definition of "crime of violence" under the categorical approaches that currently prevail under the guidelines, a district court is permitted to consider the admitted criminal conduct when applying § 3553(a). *See* 18 U.S.C. § 3553(a)(1); *United States v. Hentges*, 817 F.3d 1067, 1069 (8th Cir. 2016). The court here also reasonably concluded that Davis "poses a danger to the community" based on his history of violent conduct, his substance abuse issues, and his prior gang membership.

Davis complains that the district court placed excessive weight on his criminal history and failed to give sufficient weight to mitigating factors such as his "family situation" and "mental health issues." Davis presented these mitigating circumstances in arguing for a downward variance, and the court found that they were "far outweighed" by the aggravating factors discussed. This determination was within the latitude that we afford sentencing decisions under § 3553(a). *See United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). We thus conclude that the district court did not abuse its discretion by imposing a 63-month prison term as a variance from an alternative guideline range of 37-46 months.

The judgment of the district court is affirmed.

_____