# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3589
_____

United States of America

*Plaintiff - Appellee*

v.

Jordan Cutler

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 18, 2023
Filed: December 6, 2023
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Jordan Cutler pleaded guilty to distributing child pornography, 18 U.S.C. § 2252(a)(2). The district court[1] varied up from a Guidelines range of 108 to 135 months and sentenced him to 180 months in prison. Cutler argues that the court

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

procedurally erred in calculating the Guidelines range and that his sentence is substantively unreasonable. We affirm.

I.

Cutler says that the district court erred by assessing one criminal history point under U.S.S.G. § 4A1.1(c) for a set of uncounseled Arkansas misdemeanors from 2010. *See United States v. Luscombe*, 950 F.3d 1021, 1031 (8th Cir. 2020) ("[Significant procedural] errors include . . . incorrectly calculating[] the Guidelines range . . . ."). "In reviewing a sentence for significant procedural error, we review the district court's factual findings for clear error and application of the Guidelines de novo." *Id.* (cleaned up) (citation omitted). And "we may affirm on any ground supported by the record." *United States v. Garrido*, 995 F.2d 808, 813 (8th Cir. 1993).

The 2010 misdemeanors included one count of criminal trespass, two counts of criminal mischief, and one count of theft of property. Cutler was ordered to pay fines and costs for each count, and he received a 30-day suspended prison sentence.[2] Cutler testified that he never received counsel and never waived his right to it. Though the district court believed him, it still gave him the point. That point made the difference between a criminal history category of I and II, raising his Guidelines range from 97–121 months to 108–135 months.

The Sixth Amendment guarantees a misdemeanor defendant's right to counsel where he receives a suspended prison sentence. *Alabama v. Shelton*, 535 U.S. 654, 662, 674 (2002). All agree on appeal that Cutler had this right, did not waive it, and was not represented. But the parties disagree about the consequences of the

---

[2]The parties clash over whether the suspended sentence was void under Arkansas law and which counts it applied to. The district court questioned the accuracy of the city court docket, so we are reluctant to look to it for guidance. Because neither issue affects our analysis, we adopt Cutler's view that the suspended sentence did not violate state law and that it applied to all counts.

constitutional deprivation. Cutler says that it tainted the convictions, so the court could not use any of them to assess a criminal history point. The Government argues that it only invalidated the unconstitutional sentence; the convictions with associated fines survive and support a criminal history point.

Our precedent is clear: the constitutional deprivation invalidates only Cutler's suspended prison sentence. *United States v. White*, 529 F.2d 1390, 1394 (8th Cir. 1976) (vacating invalid suspended prison sentence for an uncounseled misdemeanor but affirming the conviction with associated fines). The 2010 misdemeanor convictions remain intact with the associated fines. *Cf. Scott v. Illinois*, 440 U.S. 367, 373–74 (1979) (holding a penalty of fines with no prison term imposed for an uncounseled misdemeanor does not implicate the Sixth Amendment right to counsel). And uncounseled misdemeanor convictions with fines, "valid under *Scott* because no prison term was imposed, [are] also valid when used to enhance punishment at a subsequent conviction." *Nichols v. United States*, 511 U.S. 738, 748–49 (1994).

Although the district court could not consider Cutler's invalid suspended prison sentence in its criminal history calculation, it could consider the constitutionally valid fines that he received for his criminal mischief and theft of property convictions.[3] *See United States v. Long*, No. 97-1440, 1997 WL 375191, at *1 (8th Cir. July 9, 1997) (per curiam) (assuming without deciding that misdemeanor defendant's conviction resulting in a suspended prison sentence was uncounseled and concluding that his "probationary sentence and monetary fine provided a basis for assessing the criminal history point"); *United States v. Acuna-*

---

[3]Standing alone, the district court could not assess a point for Cutler's criminal trespass fine. *See* U.S.S.G. § 4A1.2(c)(1) (requiring a term of imprisonment of 30 days or more to assess a criminal history point for misdemeanor trespass). But in the same prosecution, Cutler was convicted of and sentenced to pay fines for misdemeanor criminal mischief and theft. And he does not argue that anything in § 4A1.2(c) would preclude the district court from assessing one criminal history point for these remaining sentences.

*Reyna*, 677 F.3d 1282, 1285 (11th Cir. 2012) (affirming use of "constitutionally valid portion of a sentence" in calculating criminal history); *United States v. Jackson*, 493 F.3d 1179, 1183 (10th Cir. 2007) (Gorsuch, J.) (same); *United States v. Ortega*, 94 F.3d 764, 769 (2d Cir. 1996) (same). These sentences support the district court's one-point assessment for Cutler's 2010 misdemeanors, so we find no procedural error.

## II.

Cutler also challenges the substantive reasonableness of his above-Guidelines sentence, which we review under a "deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). A district court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." *United States v. Fiorito*, 640 F.3d 338, 352 (8th Cir. 2011) (citation omitted). It is "the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Feemster*, 572 F.3d at 464.

Cutler argues that the district court abused its discretion by focusing on offense conduct that the Guidelines already captured in his offense characteristic enhancements. *See* U.S.S.G. § 2G2.1(b). But the court found that the Guidelines did not reflect the "heinous" nature of Cutler's offense. They did not capture Cutler's threats to kidnap, rape, torture, and kill young girls—including a five-year-old. Nor did they show that he conditioned those threats on his victims documenting sex acts on themselves and other minors. Cutler's sentencing enhancements told a story, just not the whole one. The court was free to consider the whole story in weighing the § 3553(a) factors and varying up. *See Fiorito*, 640 F.3d at 352 ("[A] district court may impose an upward variance based on facts already included in the

advisory sentencing guidelines where the advisory guidelines do not fully account for those facts.").

Cutler also says that the district court abused its discretion by considering its reputation and public perception, which he says is an improper factor. The court posed a hypothetical: "If I'm sitting in the barber shop talking to the fellows, and I tell them somebody went into Court and here's all of the stuff he did and he got ten years, what would the average guy sitting on the park bench in the barbershop say? They would say, there is no justice in this world." Cutler claims that this comment shows that the court succumbed to "peer pressure" when it varied up. We don't think so. The court was wrestling with "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). It found that no one—not the court, the public (that "average guy" in the barbershop), nor even Cutler—would find the Guidelines reasonable in this case. This was not an abuse of discretion.

III.

The district court's judgment is affirmed.

———————————————