# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2257
_____

United States of America

*Plaintiff - Appellee*

v.

Zachary James Flaherty

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: September 15, 2025
Filed: December 12, 2025
[Unpublished]
_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Zachary Flaherty pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and separately to one count of criminal contempt, in violation of 18 U.S.C. § 401(3). The district court[1] sentenced Flaherty to a total of 228 months'

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

imprisonment followed by a supervised release term of three years. Flaherty now challenges the substantive reasonableness of his wire fraud sentence. We affirm.

Flaherty worked as an insurance producer for 17 years and throughout all 17 years, Flaherty stole money from over 30 victims. Through his fraudulent scheme, Flaherty stole at least $3.1 million from his victims. Flaherty received checks from the victims, representing that he would invest the funds. Instead, he would deposit the checks into his personal account and use the money for his own bills, taxes, travel, clothing, and other personal uses.

Even after Flaherty was caught and pleaded guilty to wire fraud, he continued his fraudulent scheme and violated court orders. He submitted false sworn statements to the court. He violated the district court's no-contact order by continuing indirect contact with two victims. He also violated the district court's protective order prohibiting him from attempting to sell certain assets that would be used to repay victims. Due to these post-plea actions, Flaherty began his sentencing hearing by pleading guilty to criminal contempt.

Following his plea at sentencing, the district court found that the appropriate Guidelines range was between 168 to 210 months' imprisonment, plus 6 months' imprisonment for criminal contempt. This sentencing range included his base wire fraud offense, which was increased based on the loss amount and the number of victims. There were also increases because Flaherty received more than $1 million in gross receipts from financial institutions, knew or should have known that these were vulnerable victims, abused a position of power, and obstructed justice. Flaherty objected to these increases, but the court overruled his objections to those calculations. The court also considered over a dozen victim impact statements from Flaherty's victims.

In addition to these Guidelines increases, the court also found that the Guidelines did not adequately address some aspects of Flaherty's conduct. For instance, the Guidelines did not account for the length of time that Flaherty's fraud

occurred, the excessive fees and charges that Flaherty took from the victims, and that Flaherty's entire livelihood centered around this fraud. The court also considered Flaherty's "incorrigibility" and noted that this conduct continued despite interventions from the insurance companies and family members. To account for these factors, the district court varied upward by 12 months on the wire fraud charge and imposed a total sentence of 228 months' imprisonment—222 months for the wire fraud charge and 6 months for the criminal contempt charge.

First, Flaherty contends that "the district court committed procedural error when sentencing him and that his total 228-month sentence was substantively unreasonable as premised upon 222 months for Count 15." Appellant's Br. 3. He does not further elaborate.

> Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation modified). We conclude that the district court correctly calculated the Guidelines range. Flaherty does not dispute any of the facts on which the court relied. He also does not argue that the court failed to adequately explain the sentence. On this record, we discern no procedural error.

Next, Flaherty argues that his sentence was substantively unreasonable. We review "the substantive reasonableness of [an] above-Guidelines sentence . . . under a 'deferential abuse-of-discretion standard.'" *United States v. Cutler*, 87 F.4th 893, 896 (8th Cir. 2023) (quoting *Feemster*, 572 F.3d at 461). A district court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of

-3-

judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." *United States v. Fiorito*, 640 F.3d 338, 352 (8th Cir. 2011) (quoting *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005)). "It is 'the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" *Cutler*, 87 F.4th at 896 (quoting *Feemster*, 572 F.3d at 464).

Flaherty argues that the district court took a "global approach to weighing aggravating factors and fail[ed] to or insufficiently weigh[ed] mitigating factors." Appellant's Br. 14. He contends that the district court ignored that Flaherty learned these fraudulent ways from his father and "fail[ed] to understand the impact excessive use of alcohol had on his global decision-making." *Id.* He also challenges the district court's "victim impact-centric approach," though he provides no argument to show that this approach was improper. *Id.* at 12.

The district court varied upward by 12 months from the top of the Guidelines range. It did so because the Guidelines range did not adequately account for certain facts. These included Flaherty's scheme targeting vulnerable victims. *See Fiorito*, 640 F.3d at 352 ("[A] district court may impose an upward variance based on facts already included in the advisory sentencing guidelines where the advisory guidelines do not fully account for those facts." (quoting *United States v. Jones*, 509 F.3d 911, 914 (8th Cir. 2007))). Flaherty "challenge[s] [the court's] victim impact-centric approach," Appellant's Br. 12, but he acknowledges that courts can consider "financial and emotional harm to the victims, and nature of the victim[s] themselves," *id.* at 11. The government says that "the court heard from over one dozen victims or relatives of victims as it was required to do pursuant to the Crime Victims' Rights Act" but contends "that is not a ground for reversal." Appellee's Br. 13 (citing 18 U.S.C. § 3771). The government is correct. As Flaherty acknowledges, the court is allowed to consider the harm to victims in imposing a sentence. *See United States v. Scanlan*, 65 F.4th 406, 409 (8th Cir. 2023) (per curiam) (noting that "the harm to the victims," among other factors, warranted a high upward variance).

Flaherty acknowledges that courts have wide latitude to weigh the § 3553(a) factors, but he attacks the court's weighing of those factors. Specifically, Flaherty alleges that the court failed to consider certain mitigating factors. However, "[t]he fact that he wished the court would have emphasized the mitigating circumstances he presented over other considerations is not a reason to reverse." *United States v. Ritesman*, 817 F. App'x 299, 300 (8th Cir. 2020) (unpublished per curiam); *see also United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011) ("Simply because the district court weighed relevant factors . . . more heavily than Farmer would prefer does not mean the district court abused its discretion.").

Flaherty also contends that the district court ignored his "lack of prior criminal history." Appellant's Br. 12. This is incorrect. The court noted that he was in criminal history category I. R. Doc. 132, at 40. Further, in explaining the sentence, the court emphasized that the Guidelines range did not account for the scheme's "length of time." *Id.* at 93–94. It also discussed that Flaherty did not stop the scheme when given the chance and was in criminal contempt of court. The court believed that these factors justified an upward variance and countered his low criminal history score. The court did not err.

Flaherty next argues that the district court failed to consider that his father, like him, struggled with alcohol addiction, and that his alcoholic father collaborated in this scheme. Thus, Flaherty says that the district court ignored that he "may have learned" this behavior from his father. Appellant's Br. 13. Similarly, he contends that the court ignored that he has struggled with the "excessive use of alcohol" since he was a child. *Id.* at 14. The district court considered Flaherty's relationship with his father but still found "nothing in the record about the defendant's childhood that suggest[s] any harm or experiences that could contribute to such conduct." R. Doc. 132, at 95–96. The court also required that Flaherty abstain from alcohol consumption, implying knowledge of Flaherty's alcohol issues.

Flaherty argued in his sentencing memorandum that these mitigating factors favored a downward variance. *See United States v. Davis*, 932 F.3d 1150, 1154 (8th

Cir. 2019) (holding that a 63-month sentence, a 17-month upward variance from the Guidelines range, was not substantively unreasonable because Davis presented his mitigating factors to the district court, which found that aggravating factors "far outweighed" the mitigating factors). "[T]he district court explicitly acknowledged almost all of the mitigating factors that [Flaherty] raises on appeal . . . ." *United States v. Merrett*, 8 F.4th 743, 752 (8th Cir. 2021) (finding that the sentence was not substantively unreasonable because the defendant "simply disagree[d] with how the district court weighed" his mitigating factors). Flaherty's argument asserts no more than that the district court gave less weight to mitigating factors than he would wish, but he has not shown the weight given was unreasonable. *See Ritesman*, 817 F. App'x at 300; *see also Farmer*, 647 F.3d at 1179 ("[R]egardless of some mitigating circumstances, a sentencing court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.").

On this record, we discern no abuse of discretion in the district court's 12-month upward variance from the top of the range in its imposition of a 222-month sentence for predatory wire fraud. The district court thoroughly explained the sentence and discussed several reasons why a variance was appropriate.

Accordingly, we affirm the district court's sentencing.

_____