# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2974

_____

United States of America

*Plaintiff - Appellee*

v.

Clint Eugene Phillips

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: January 12, 2026
Filed: June 4, 2026
[Unpublished]

_____

Before SMITH, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Clint Eugene Phillips reported to his supervising officer as ordered after concerns arose about his compliance with supervision conditions. He arrived at the meeting on an unregistered motorcycle and declined to provide a urine sample. Officers briefly detained Phillips for their safety and searched him pursuant to an active warrantless search waiver. While searching Phillips's person, officers

discovered a knife hidden in his bracelet. Officers then searched his motorcycle and discovered approximately 250 grams of a mixture of methamphetamine, a digital scale, an electric vaporizer, a glass pipe, and a plastic solo cup. The officers subsequently searched Phillips's home and located drug paraphernalia, clear bags, bongs, digital scales, measuring devices, and suspected methamphetamine. Additionally, in the bedroom they found two foam heads, one of which had a piece of tape over the mouth with the words "help me" written on the tape. Law enforcement also found a stolen motorcycle, several vehicle titles signed by seller but not buyer, keys inside a safe, and several vehicles and motorcycles at Phillips's home. None of these vehicles were included in his sex offender registration information. Officers also found several prohibited electronic media devices. After the search, the investigation continued into Phillips's digital life. There, officers discovered multiple messages indicating drug sales and large Cash App transactions.

Based on this evidence, Phillips was charged in state court and convicted of various state offenses. He was sentenced to imprisonment at the Arkansas Department of Corrections.

In federal court, Phillips pleaded guilty to possession with intent to distribute more than 50 grams of methamphetamine. Prior to his federal sentencing hearing, the probation office calculated Phillips's initial offense level to be 32 but reduced it to 29 based on a 3-point reduction for acceptance of responsibility. Phillips's criminal history category was set at VI based on a nearly 30-year history of more than two dozen convictions. These included drug-related offenses, assault, and sexual assault. The probation office calculated the advisory Guidelines range to be between 151 and 188 months' imprisonment.

At sentencing, the government requested an upward variance, while Phillips sought a low-end sentence of 151 months' imprisonment. Phillips's counsel argued that Phillips was merely a small-time dealer and a serious addict. He asserted that many of Phillips's previous convictions received only probation and suspended

sentences, demonstrating that mitigating factors attended his crimes. Phillips then spoke and apologized for his crime.

In pronouncing its sentence, the district court[1] began by acknowledging the recommended Guidelines range and addressing the 18 U.S.C. § 3553(a) factors, beginning with the aggravating factors. It acknowledged the seriousness of the offense itself due to the addictive power of methamphetamine and the large quantity—over 279 grams—that Phillips possessed. The district court also discussed the search evidence. The evidence showed that Phillips, while not likely leading the enterprise, consistently sold illegal narcotics. The district court found Phillips's brazen arrival at a probation appointment with this large quantity of methamphetamine to be an aggravating factor. The district court also placed considerable weight on the seriousness of his criminal history.

The district court then examined Phillips's proffered mitigating factors. Looking at the offense conduct, the district court found it mitigating that there was no violence involved and no weapon possessed. Then to the personal side, the district court acknowledged that Phillips's addiction began early in life, while his brain was still developing, and agreed with Phillips's counsel that he experienced significant parental neglect. The district court acknowledged that Phillips had a high school degree and had worked when not in prison. The district court considered national sentencing data comparing Phillips and other individuals in a similar Guidelines cell. The median sentence for such offenders was 84 to 85 months. The court noted, however, that Phillips's criminal history exceeded most of them.

The court concluded its pronouncement by expressing its concern that Phillips was highly likely to recidivate. Based on all the factors, the court found that an upward variance was appropriate and sentenced Phillips to 210 months' imprisonment followed by 5 years' supervised release.

---

[1]The Honorable Timothy L. Brooks, Chief Judge, United States District Court for the Western District of Arkansas.

We review "the substantive reasonableness of [an] above-Guidelines sentence . . . under a 'deferential abuse-of-discretion standard.'" *United States v. Cutler*, 87 F.4th 893, 896 (8th Cir. 2023) (quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Feemster*, 572 F.3d at 461 (citation modified). This court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 461–62 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* at 464 (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

Phillips argues that that the district court erred in imposing the above-range Guidelines sentence. He argues that the district court erroneously weighed the sentencing factors. Specifically, he argues that the court should have given more weight to the absence of weapons or violence in his offense conduct and his long-term addiction. However, the district court specifically addressed these factors. Phillips's challenge is only to the weight assigned to them. He has not shown that the district court abused its considerable discretion in weighing these factors less than he preferred. *See United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011) ("However, regardless of some mitigating circumstances, a sentencing court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence. Simply because the district court weighed relevant factors . . . more heavily than Farmer would prefer does not mean the district court abused its discretion." (citation modified)).

Phillips also takes issue with his sentence being higher than that of similarly situated defendants nationwide. The district court acknowledged that the nationwide median sentence for defendants within Phillips's Guidelines cell was 84 to 85

months' imprisonment. But the court concluded that such a sentence would be inadequate for Phillips's specific offense and extensive criminal history. "An argument that non-conspirator defendants received shorter sentences for comparable offenses is at base a disagreement with the weighing of the § 3553(a) factors. This disagreement does not demonstrate an abuse of discretion." *United States v. Soliz*, 857 F.3d 781, 783 (8th Cir. 2017) (citation modified). Thus, Phillips's sentence exceeding the nationwide median did not create an unwarranted sentencing disparity rendering the sentence substantively unreasonable.

For these reasons, we affirm the district court's sentence.

_____