# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3212
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Taylor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: February 9, 2026
Filed: June 12, 2026
[Unpublished]

_____

Before LOKEN, SMITH, and STRAS, Circuit Judges.

_____

PER CURIAM.

After pleading guilty to being a felon in possession of a firearm, Joshua Taylor was sentenced to 60 months' imprisonment by the district court.[1] Taylor now challenges that sentence as substantively unreasonable. We affirm.

_____

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

At sentencing, Taylor's counsel objected to consideration of Taylor's criminal history as a minor. Specifically, he objected to whether the juvenile conviction can be considered a crime of violence for an adult conviction—adding three criminal history points. The district court overruled defense counsel's objection and determined that it was a crime of violence. Taylor has not raised this issue on appeal. The undisputed Guidelines range was 46 to 57 months' imprisonment.

The government then moved for an upward variance to 72 months' imprisonment based on Taylor's history of involvement in violent offenses. In one instance, an accomplice held a gun to the back of the head of a 91-year-old woman. The government pointed out that Taylor's longest prior sentence for such incidents was 36 months. It argued that such a sentence was not "meaningful enough to him." R. Doc. 50, at 41. The government then noted relevant conduct proximate to the instant charge. Taylor was involved in a shooting resulting in state charges prior to this case. That case remained pending at the time of his sentencing in this federal case. Taylor also was alleged to have possessed marijuana with intent to deliver while out on bond.

Taylor's counsel "us[ed] a lot of the similar facts for different reasons" to suggest that a downward variance to 40 months' imprisonment was appropriate. R. Doc. 50, at 43. Taylor's counsel first noted that he had never been in custody for longer than eight or nine months, putting a positive light on his incarceration time. Thus, even a jump to the low end of the Guidelines range, 46 months, would be a significant imprisonment. Taylor's counsel then explained that Taylor had matured and was now an adult with children. The district court expressed its concern that Taylor continued to commit crimes. Taylor's counsel pointed out that prior to this gun possession offense Taylor had no other instances since 2019.

Taylor accepted responsibility and asserted that he had indeed matured. He explained that, unlike previously, he now seeks to return to his family.

The government justified its upward variance request based on Taylor's other convictions that included violent or threatening behavior. The government also reiterated Taylor's recidivism as he had faced "conviction after conviction after conviction after being told this is not good behavior." *Id.* at 52.

The district court then discussed the 18 U.S.C. § 3553(a) factors. The court acknowledged the range of conduct in his criminal history. The court indicated that the firearm offense leading to Taylor's arrest increased the court's concern given he was on bond from a state charge involving a firearm. The district court then acknowledged Taylor's personal history and that he had faced many challenges. The district court also observed that Taylor had not served lengthy jail time, even though he had engaged in serious misconduct. The district court ultimately granted the government's request for a variance but substantially less than requested, sentencing Taylor to 60 months' imprisonment, 3 months above the Guidelines range but 12 months less than the government sought. In explaining its sentence, the district court stated:

> If I feel like I can't specifically deter Mr. Taylor, I have to be, given his history of violence, very concerned about protection of the public because we're essentially talking about a history that includes violence and guns, repeatedly in terms of violence and repeatedly in terms of guns.
>
> So that does cut in favor of an upward variance.

*Id.* at 63. The district court further stated that even if the Guidelines suggested a sentence between 27 to 33 months' imprisonment, the court would not think that the facts "pull[ed] strong enough down to go lower than 60 anyway." *Id.*

We review "the substantive reasonableness of [an] above-Guidelines sentence . . . under a 'deferential abuse-of-discretion standard.'" *United States v. Cutler*, 87 F.4th 893, 896 (8th Cir. 2023) (quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). "A district court abuses its discretion when it (1) fails to

consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Feemster*, 572 F.3d at 461 (citation modified). We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 461–62 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* at 464 (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

On appeal Taylor argues that the district court did not properly weigh the factors in considering his sentence. First, he argues that the district court gave too much weight to his violence because the Guidelines enhancement already addressed the district court's concerns. Second, Taylor argued that the district court did not give enough consideration to his lack of previous jail time.

These arguments fail. "[A] district court may impose an upward variance based on facts already included in the advisory sentencing guidelines where the advisory guidelines do not fully account for those facts." *United States v. Jones*, 509 F.3d 911, 914 (8th Cir. 2007). Here, the district court clearly explained that multiple previous crimes raised concern, not just the offense that added three criminal history points. Further, the district court knew of Taylor's previous jail time. And indeed, the district court expressed concern that Taylor had previously served jail time yet continued to commit offenses. The district court's contrary inference from his prior incarceration does not render the sentence substantively unreasonable. *See United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011) ("However, regardless of some mitigating circumstances, a sentencing court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence. Simply because the district court weighed relevant factors . . . more heavily than [the defendant] would prefer does not mean the district court abused its discretion." (citation modified)).

For the foregoing reasons, we affirm.

_____