# United States Court of Appeals
## For the Eighth Circuit
_____

No. 25-2177
_____

United States of America

*Plaintiff - Appellee*

v.

Jonathon Del Smith

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Eastern
_____

Submitted: February 11, 2026
Filed: June 26, 2026
[Unpublished]
_____

Before LOKEN, LAVENSKI R. SMITH, and STRAS, Circuit Judges.
_____

PER CURIAM.

Jonathon Del Smith pleaded guilty to illegally possessing firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to 30 months' imprisonment to run consecutive to an existing state court sentence. As part of this sentence, the court also ordered Smith to undergo a psychosexual evaluation while in prison. On appeal, Smith challenges the court's decision to run the federal

conviction consecutive to the state sentence. And he asserts that the district court lacked authority to order the psychosexual evaluation. We reverse the psychosexual evaluation directive but affirm the district court in all other respects.

In October 2022, Smith took a 16-year-old female to a motel in Devils Lake, North Dakota. While there, the minor female sustained a gunshot wound in a likely accidental shooting. Smith alerted authorities. Law enforcement arrived and, in addition to the wounded teen, discovered two firearms. Smith acknowledged ownership of the weapons. Law enforcement also found the bullet believed to have been shot through the minor's calf. Several other rounds of ammunition were found as well.

Prior to this incident, Smith had been convicted, though not yet sentenced, for an Idaho felony involving injury to a child in Lemhi County, Idaho. According to the presentence report, Smith approached or followed three different minor females leading to the state conviction:

> Records indicate on or about September 22, 2021, a 13-year-old female reported to law enforcement she had been crossing the street the previous evening when a man, later determined to be the defendant, pulled up beside her in his vehicle, stating that he needed to ask her a question. When the female approached the vehicle, the defendant asked her if she wanted to have sex, which she declined. The defendant proceeded to offer her money in exchange for sex and followed the female in his vehicle as she walked to her residence. On September 23, 2021, the female identified the defendant in a lineup of photographs provided by law enforcement. On or about September 30, 2021, a different minor female was walking home from school and was followed by a man in a vehicle. This man was later identified as the defendant. On or about October 4, 2021, a separate minor female was walking home from school and was followed by a man in a vehicle. The man stopped and asked if the minor would like a ride. The minor declined. The minor later identified the man as the defendant in a lineup of photographs provided by law enforcement.

R. Doc. 41 ¶ 24. The Idaho state court ultimately sentenced Smith to a fixed and determinate period of incarceration of two and one-half years followed by an indeterminate period of custody of seven and one-half years.

Based on the firearms found at the hotel, a federal grand jury indicted Smith on a charge of possession of firearms by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Pursuant to a plea agreement, Smith pleaded guilty to one count of being a felon in possession of a firearm. While in custody for this offense, Smith sent additional sexually explicit text messages soliciting females for sex.

At sentencing, the district court determined the appropriate Guidelines range was 12 to 18 months' imprisonment. Smith informed the court that he potentially faced another five years in prison for the Idaho offense. Smith also expressed that even though he had been in custody in North Dakota since September 2024, he would not receive any credit for that time toward his federal sentence. Additionally, Smith argued that in the Idaho charge, he had no physical contact with the minor but "what he pled guilty to was causing mental anguish." R. Doc. 55, at 9.

After a brief discussion with Smith, the court proceeded to announce its sentence. The court analyzed the 18 U.S.C. § 3553(a) factors and applied them to Smith. Specifically, the court relied on Smith's offense conduct, his post-incarceration solicitation, and the uncontested facts surrounding the Idaho offense for consideration under § 3553(a). It then sentenced Smith to 30-months' imprisonment, to run consecutive to the Idaho sentence. Of particular note, the district court also required that Smith undergo a psychosexual evaluation with the Bureau of Prisons (BOP), stating:

> As a condition—as part of the sentence, Mr. Smith is ordered by the [c]ourt to undergo a psychosexual evaluation through the Bureau of Prisons at a facility to which he will be designated that does perform psychosexual evaluations.

-3-

The fifth special condition of supervised release shall be that Mr. Smith shall comply with the results of the psychosexual evaluation that is performed as a part of this sentence. He shall comply with the results of the psychosexual evaluation that is performed as a part of this sentence as a special condition of supervised release.

*Id.* at 33. Smith's counsel objected to the conditions.

On appeal, the parties agree that the district court did not have authority to order Smith to complete a psychosexual evaluation while incarcerated. The parties are correct. District courts do not have the authority to order the BOP, as part of a defendant's sentence of imprisonment, to place a defendant at a particular prison or to dictate the treatment programs in which a defendant may participate. *See Tapia v. United States*, 564 U.S. 319, 330–31 (2011) (holding that a sentencing court cannot require a particular prison placement or that a defendant participate in a particular treatment program, but allowing that court to "*recommend* that the BOP place an offender in a particular facility or program"). The district court erred by requiring Smith to undergo a psychosexual evaluation as a part of his prison sentence.

Next, Smith argues that the sentence was substantively unreasonable. We review "the substantive reasonableness of [an] above-Guidelines sentence . . . under a 'deferential abuse-of-discretion standard.'" *United States v. Cutler*, 87 F.4th 893, 896 (8th Cir. 2023) (quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Feemster*, 572 F.3d at 461 (citation modified).

Smith argues that the district court abused its discretion in selecting a 30-month sentence and ordering that it run consecutively to the state sentence. Smith contends that "the district court gave too little weight to the significance of the interplay of Smith's state and federal sentences." Appellant's Br. 19. Additionally,

he alleges that "[t]he district court also gave too little weight to the impact of the federal detainer on the time Smith served in Idaho prisons." *Id.* at 20. He concludes by arguing that "the district court gave too little weight to Smith's relatively young age, his background, and his limited criminal history." *Id.*

We find no clear error of judgment or abuse of discretion by the court in reaching its sentence. When considering a consecutive sentence, "a district court has the discretion to impose a sentence concurrently or consecutively based on the same § 3553(a) factors as other sentencing decisions." *United States v. Becker*, 636 F.3d 402, 408 (8th Cir. 2011) (relying on 18 U.S.C. § 3584). Generally, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584.

Smith's sentence is not substantively unreasonable. The district court knew the factors that Smith points to, such as time previously served on the state sentence; the interplay and timing of the two instances; as well as Smith's age, background, and criminal history. Based on the court's awareness of these factors and Smith's related arguments, we "presume that the district court considered and rejected them." *United States v. Wisecarver*, 644 F.3d 764, 774 (8th Cir. 2011) (quoting *United States v. Johnson*, 619 F.3d 910, 922 (8th Cir. 2010)). Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," we conclude that the district court did not abuse its discretion in sentencing Smith to 30 months' imprisonment. *Feemster*, 572 F.3d at 461–62 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

For these reasons, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____